**CAPP HOMES, Plaintiff, Appellee,**

v.

**Raymond B. DUARTE et al.,
Defendants, Appellants.**

**No. 79–1348.**

United States Court of Appeals,
First Circuit.

Argued Feb. 4, 1980.

Decided March 31, 1980.

---

Evan T. Lawson, Boston, Mass., with whom Lawson & Wayne, Boston, Mass., was on brief, for defendants, appellants.

Paul R. Schneider, Boston, Mass., with whom Burns & Levinson, Boston, Mass., was on brief, for plaintiff, appellee.

Before ALDRICH and BOWNES, Circuit Judges, PETTINE, District Judge.*

* Sitting by designation.

ALDRICH, Senior Circuit Judge.

In February 1973 Mr. and Mrs. Raymond Duarte, after examination of a Capp Homes brochure and discussions with Capp's local representative, contracted with Capp for its erection of a "shell" of a house upon a foundation to be supplied by the Duartes. A down payment of $100 was required, with the balance of $19,244 to be paid upon completion. The Duartes' evidence warranted the following findings, which we assume correct for present purposes since the issue is Capp's right to a directed verdict.

Capp's brochure stated, "YOU MUST BE SATISFIED." Mrs. Duarte testified that Capp's representative "informed us that we had to be 100 percent satisfied with this home before we paid for it." When asked at trial, "And if you weren't satisfied, you would never have to pay for it?", Mr. Duarte replied, "That is the way I understood him." After this conversation the Duartes signed the agreement and made the down payment. Thereafter, although Capp considered that it had properly completed its undertaking except for a few minor corrections, the Duartes, who during the construction and since have continually claimed dissatisfaction, refused to pay. Their dissatisfaction reached the point that at one stage of the construction they asked that the work be abandoned and the product taken back. This request was rejected.

The Duartes continually refusing to pay, Capp brought the present suit. After suit had been pending for some time, the Duartes made the written demand called for by the Massachusetts Consumer Protection Act, Mass.G.L. c. 93A, § 9(3), and counterclaimed for recovery thereunder. Following a jury trial at which evidence was introduced of extensive failure of Capp to meet the contract's promised standards of workmanship and, to some degree, to pro-

vide the promised materials, the jury limited Capp's recovery to $6,000. On the Duartes' counterclaim, the court granted Capp's motion for a directed verdict. From this action the Duartes appeal.

The record indicates that the court viewed the primary issue for purposes of the motion to be whether "satisfied" meant reasonably should be satisfied, or required actual personal satisfaction. The court apparently concluded that the test was the objective one, but it is not clear whether, in directing a verdict, it felt that there were, initially, no grounds for reasonable dissatisfaction, or, instead, felt that any dissatisfaction would, as a matter of law, be assuaged by whatever reduction the jury made from the purchase price in its award to Capp. On either ground, the court was mistaken.

■■■■ We could accept Capp's contention that easily correctable defects consistent with substantial performance would be insufficient to justify customer dissatisfaction. However, evidence permitting a jury finding reducing a $19,000 contract price to a $6,000 recovery shows something far less than substantial performance. To say that a party must always be satisfied by a jury verdict reducing the price would emasculate the statute, which goes far beyond contractual remedies.[1] *Slaney v. Westwood Auto, Inc.*, 1975, 366 Mass. 688, 693, 703–04, 322 N.E.2d 768; *Commonwealth v. DeCotis*, 1974, 366 Mass. 234, 244 n.8, 316 N.E.2d 748. A claim of dissatisfaction does not become meaningless merely because the purchaser is required to pay for inferior goods only on the basis of quantum meruit, or receives an allowance sufficient to enable him to obtain what he originally bargained for. We must examine the record for some better reason for directing a verdict on the statutory claim.[2] However, we find none.

1. By the same token, the fact that the written contract contains no promises of customer satisfaction does not permit the invocation of the parol evidence rule. We might agree with the Duartes' concession at trial that the scope of the statute is "frightening," but this is a legislative, not a judicial matter. Nor is the statute

necessarily frightening in application to the present case.

2. While this opinion is phrased in terms of directing a verdict, we agree with Capp that, under the statute as it then existed, this was a nonjury case, brought in equity. Mass.G.L. c. 93A, § 9(1) 1969 Mass.Acts c. 690; *Slaney,*

There is no merit in Capp's claim that, once suit had been brought, it was too late for the Duartes to make the c. 93A demand and file a counterclaim. These are two separate actions, and a separate suit by the Duartes would have been warranted. *See York v. Sullivan*, 1975, 369 Mass. 157, 164, 338 N.E.2d 341. There being no statute of limitations issue, there was no prejudice in the Duartes' proceeding by way of counterclaim.

It is true that, while the counterclaim lists at length what are contended to be Capp's deficiencies in performance, it fails to allege a claim based on dissatisfaction. However, the demand letter sufficiently made that claim, and dissatisfaction figured heavily during the trial. It is too late to assert any defect in the pleadings.

Since the case must be remanded, we comment briefly on certain issues likely to arise. Capp contends, with some justification, that a representation or agreement that a buyer need pay nothing for a house built on his property if he is dissatisfied with it is not comparable to such an agreement with respect to returnable personalty. A sales representative's authority to make such a representation or agreement even as to personalty may raise a serious question. We need not reach it. This question is foreclosed, since the jury's findings that the Duartes are obligated to pay Capp $6,000 is, in terms, a rejection of a claim they need pay nothing, which is now res judicata.

Whether the less encompassing statement in the brochure, "YOU MUST BE SATISFIED," was a deceptive practice, and whether, even if so, there are any further damages, must first be decided in the district court, and calls for no present comment. We add, however, that the jury finding of $6,000 is not a finding that Capp's response to plaintiffs' demand letter was not a reasonable written offer of settlement pursuant to c. 93A, § 9(4). The statute views the reasonableness of the tender of settlement as a separate matter from the eventual verdict. *See Kohl v. Silver Lake Motors, Inc.*, 1976, 369 Mass. 795, 343 N.E.2d 375. This distinction is well known to lawyers. Without such a distinction the statutory purpose of avoiding litigation would be severely hindered. Nor does the statute mean that it is necessarily unreasonable to tender nothing.

The judgment for defendant on the counterclaim is vacated and the action remanded for a new trial thereon not inconsistent herewith. See Local Rule 8(i).

---

ante, 366 Mass. at 700, 322 N.E.2d 768. However, we note for purposes of the remand that the statute now encompasses jury trial, 1978 Mass.Acts c. 478, § 45, and that provisions that are merely remedial operate retrospectively. *Diamond Crystal Salt Co. v. P. J. Ritter Co.*, 1 Cir., 1969, 419 F.2d 147.