**PURETEST ICE CREAM, INC., et al., Plaintiffs,**

v.

**KRAFT, INC., Defendant.**

Civ. A. No. 84–1624–S.

United States District Court,
D. Massachusetts.

July 30, 1985.

Norman B. Smith, Smith, Patterson, Follin, Curtis, James & Harkavy, B. Ervin Brown 2d, Badgett, Calaway, Phillips, Davis, Stephens, Peed & Brown, Greensboro, N.C., for plaintiffs.

Peter G. Hermes, Peabody & Arnold, Boston, Mass., Joseph B. Haynes and L. Joseph Loveland, King & Spaulding, Atlanta, Ga., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO STRIKE JURY DEMAND

SKINNER, District Judge.

The Massachusetts Consumer Protection Act, M.G.L. c. 93A, affords a "businessman's remedy" to persons engaged in trade or commerce who suffer loss "as a result of the use or employment by another person who engages in trade or commerce of an unfair method of competition or an unfair or deceptive act or practice...." *Id.* § 11[¶ 1]. The plaintiffs, past and present distributors of Kraft's products, included in this action a count under c. 93A for "unfair and deceptive trade practices" by Kraft, and have demanded a jury trial on this claim. Kraft now moves to strike the jury demand, contending that *Nei v. Burley,* 388 Mass. 307, 446 N.E.2d 674 (1983), precludes a jury trial on any claim under c. 93A.

 The Massachusetts Supreme Judicial Court in *Nei v. Burley* held that neither c. 93A itself nor the state constitution secures the right to a state court trial by jury of c. 93A claims. 446 N.E.2d at 679. This holding does not foreclose the question of manner of trial in the federal court for two reasons. First, the *Erie* doctrine does not apply, even though a c. 93A claim arises under state law. The Seventh Amendment to the Constitution, which preserves the right to a jury trial "[i]n suits at common law", demands an independent inquiry into the character, legal or equitable, of the state law claim. As the Supreme Court has declared, "the substantive dimension of the claim asserted finds its source in state law, but the characterization of that state-created claim as legal or equitable for the purposes of whether a jury trial is indicated must be made by recourse to federal law". *Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9

L.Ed.2d 691 (1963). Second, the court in *Nei v. Burley* did not consider the matter in light of the Seventh Amendment, which applies only to trials in federal court. *Pearson v. Yewdall*, 5 Otto 289, 95 U.S. 294, 296, 24 L.Ed. 436 (1877).

The question of a right to a jury trial on a c. 93A claim in federal court arises squarely in this case for the first time since *Nei v. Burley*. In *Computer Systems Eng., Inc. v. Qantel Corp.*, 571 F.Supp. 1365 (D.Mass.1983), *aff'd* 740 F.2d 59 (1st Cir.1984), the plaintiff withdrew its demand for jury trial of its c. 93A claim. 571 F.Supp. at 1372. The First Circuit Court of Appeals assumed in *Capp Homes v. Duarte*, 617 F.2d 900, 902–03 n. 2 (1980) that the terms of c. 93A implied a right to jury trial, but that assumption must be questioned after *Nei v. Burley*.[1]

In *Nei v. Burley*, the Supreme Judicial Court considered the c. 93A right of action for "unfair or deceptive acts or practices" *sui generis* in character, having at most an analogous or historical connection to common law causes tried to juries, since c. 93A does not demand proof of many of the elements of those traditional actions. *Id.* at 678. Further, the standard of the statute was "sufficiently open-ended to embrace causes of action for which there are no common law analogues". *Id.* The court also considered the remedy equitable in nature. For these reasons the court decided that the statute did not provide and the state constitution did not require a right to jury trial.

The Supreme Court of the United States has taken a different tack. The Seventh Amendment, the Court has declared, "requires a trial by jury in actions unheard of at common law, provided that the action involves rights and remedies of the sort traditionally enforced in an action at law, rather than an action in equity or admiralty". *Pernell v. Southall Realty*, 416 U.S. 363, 375, 94 S.Ct. 1723, 40 L.Ed.2d 198

(1974). In the Supreme Court's jurisprudence, a merely historical or analogous connection to claims triable to a jury will suffice, as opposed to the analysis employed by the Massachusetts court in *Nei v. Burley*. For instance, in *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Court held that a federal statute creating a private cause of action for violation of the fair housing provisions of the Civil Rights Act of 1968 entailed a right to jury trial because the statute defined a new legal duty and authorized courts to compensate plaintiffs for wrongful breach of that duty. Therefore the action sounded basically in tort. 415 U.S. at 195, 94 S.Ct. at 1008. Further, the action was analogous to a number of ancient and modern actions recognized at common law. Most importantly, the Court said, the relief requested—actual and punitive damages—was the traditional form of relief afforded in courts of law. *Id.* at 196, 94 S.Ct. at 1009. In addition the Court has held that full implementation of the Seventh Amendment right requires isolation and jury trial of factual issues relating to a legal claim joined with an equitable one. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962).

These precedents dictate a rather complicated analysis of the statute's unquestionably hybrid standard, "unfair or deceptive acts or practices". M.G.L. c. 93A, §§ 2, 11. The "unfairness" of given acts or practices presents a question of fact traditionally left to the court for decision rather than to a jury. The Massachusetts Supreme Judicial Court has defined "unfair" acts or practices as those that offend public policy, are immoral, unethical, oppressive or unscrupulous, or cause substantial injury to consumers, competitors or other businessmen. *PMP Assoc. v. Globe Newspaper Co.*, 366 Mass. 593, 321 N.E.2d 915, 917 (1975), quoting *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244, 92 S.Ct. 898, 905, 31 L.Ed.2d 170 (1972). The Mas-

---

**1.** The practice under the Federal Trade Commission Act, 15 U.S.C. §§ 41–58, which c. 93A wholly incorporates, *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 322 N.E.2d 768 (1975), sheds no light, since factfinding under the federal act is solely the province of the Federal Trade Commission, an aspect of the federal act that c. 93A does not duplicate.

sachusetts court also has resorted to the equitable doctrine of unconscionability under U.C.C. § 2–302 to give "unfairness" under c. 93A further meaning. *Zapatha v. Dairy Mart*, 381 Mass. 284, 408 N.E.2d 1370 (1980); *Commonwealth v. DeCotis*, 366 Mass. 234, 316 N.E.2d 748 (1974). Such claims require individualized balancing of equities, "a major factor in determining unfairness", *Mechanics Nat'l Bank v. Killeen*, 377 Mass. 100, 110, 384 N.E.2d 1231 (1979), and traditionally a function for the court.

"Deceptive" conduct under the statute has a distinctly different meaning as conduct that "could reasonably be found to have caused a person to act differently from the way he otherwise would have acted". *Lowell Gas Co. v. Attorney General*, 377 Mass. 37, 51, 385 N.E.2d 240 (1979). When the conduct having this result is an intentional or reckless misrepresentation, the c. 93A claim closely resembles the common law action of deceit as known in Massachusetts courts. *See, e.g., Nash v. Minnesota Title Ins. & Trust Co.*, 163 Mass. 574, 579, 40 N.E. 1039 (1895). The factual issues presented by such claims traditionally have been triable to a jury. However, causes founded on misrepresentation were also cognizable in the equity courts which said that "the nature of the 'fraud' made it peculiarly a matter for their interference". Prosser, Law of Torts, § 105 p. 687 (3d ed. 1971). The important difference between cases founded on misrepresentation lodged in the common law courts rather than the equity courts was the nature of the remedy sought. *Id;* 3 W. Blackstone, Commentaries *438.

This review suggests that though the "unfairness" of the defendant Kraft's conduct is an equitable issue, its "deceptiveness" is a "legal" issue by history and analogy. Consideration must be given to the nature of the remedy sought as well. Section 11 of c. 93A authorizes actual and punitive damages for "any loss of money or property, real or personal, and such equitable relief, including an injunction, as the court deems to be necessary and proper". The plaintiffs ask for actual and punitive damages, which, as the form of relief customarily awarded in pre-merger courts of law, would strongly support finding a right to jury trial, if it were the only mode of relief they seek. They also request an order permanently enjoining Kraft from further engaging in conduct that violates c. 93A. They assert that they seek damages "primarily", but have not retracted the demand for an injunction. In absence of that, they cannot meet the test for recognition of a right to trial by jury of the "deceptiveness" claim, that the action "involve[ ] rights *and* remedies of the sort traditionally enforced in an action at law, rather than an action in equity or admiralty". *Pernell v. Southall Realty*, 416 U.S. at 375, 94 S.Ct. at 1729 (emphasis added).

This conclusion does not affect the plaintiffs' right to jury trial of their antitrust claims, to which they are undoubtedly entitled. *Fleitmann v. Welsbach Street Lighting Co.*, 240 U.S. 27, 29, 36 S.Ct. 233, 234, 60 L.Ed. 505 (1916). To the extent "legal" claims under c. 93A parallel antitrust claims for damages, they will be tried to a jury. *Cf. Times-Picayune Pub. Co. v. United States*, 345 U.S. 594, 609, 73 S.Ct. 872, 880, 97 L.Ed. 1277 (1953) (collecting cases). The factfinding required to determine the "unfairness" and "deceptiveness" under c. 93A of practices ascribed to Kraft that do not amount to antitrust violations and any claims to equitable relief under c. 93A must be accomplished by the court, not by the jury. Factual issues common to the antitrust and c. 93A claims must be tried by jury. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11, 79 S.Ct. 948, 956–57, 3 L.Ed.2d 988 (1959).

Accordingly, the defendant Kraft's motion to strike the plaintiffs' demand for a jury trial on c. 93A claims is ALLOWED to the extent stated above.