In re BEDFORD COMPUTER CORPORATION

v.

GINN PUBLISHING, INC.

Civ. No. 86–283–D.

United States District Court, D. New Hampshire.

July 16, 1986.

Joseph Ryan, Boston, Mass., for plaintiff.

Charles W. Morse, Jr., Boston, Mass., for defendant.

## ORDER

DEVINE, Chief Judge.

This Order addresses certain issues raised by Ginn Publishing, Inc. ("Ginn"), in this bankruptcy proceeding.[1] The alterna-

---

1. The instant proceedings were filed in this court on June 20, 1986, and debtor's opposition thereto was filed on June 30, 1986. On July 7 Ginn filed a supplemental memorandum with attachments, and on July 11 the debtor filed a motion seeking to extend to a period up to July 25 its response to said supplemental memo of law. This motion is herewith denied in light of the resolution reached by the Court and having in mind the expedition with which purported

tive relief sought by Ginn comprises (1) a favorable ruling on its appeal from an order of the bankruptcy court [2] and (2) a ruling on its motion seeking to withdraw a reference to the bankruptcy court.[3] The relevant background of the litigation is as follows.

The debtor-in-possession, Bedford Computer Corporation ("Bedford"), has its principal office in Bedford, New Hampshire. Ginn is a Delaware corporation with a principal place of business in Lexington, Massachusetts.[4] On May 15, 1984, Bedford entered into a purchase and sale agreement ("the agreement") with Ginn concerning the sale by Bedford to Ginn of a certain computer system. Payment for this computer equipment was to be made in specified installments of varying amounts, said payments to be made at specified periods of time. The parties simultaneously executed a service contract, pursuant to the terms of which Bedford was to provide maintenance service for the computer system.[5]

As is not unusual, subsequent difficulties ensued, with Ginn claiming the existence of operational problems in the computer system and Bedford contending that its attempts to solve such problems were frustrated by Ginn's failure to cooperate in the furnishing of adequate specifications. Ginn paid some, but not all, of the monies claimed to be due and owing under the terms of the agreement.

On November 13, 1985, Bedford filed its petition in this district pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101, *et seq.* On March 20, 1986, Ginn filed a proof of claim,[6] and on April 8, 1986, Bedford filed an adversary claim against Ginn seeking turnover of the computer system and rejection of the agreement as an executory contract, and claimed the right to an award of certain damages. Ginn's answer and counterclaim sought to raise the issue that the proceedings were not core proceedings as such are defined by 28 U.S.C. § 157, denied breach of contract, claimed fraud in the inducement of the contract, and sought withdrawal of the reference of the matter to the bankruptcy court based upon its claim of its right to jury trial pursuant to certain Massachusetts statutes. *See* n. 6, *supra.*

Following hearing on June 17, 1986, the bankruptcy judge (Yacos, J.) held that the adversary complaint filed by the debtor constituted a counterclaim to Ginn's proof

---

bankruptcy appeals are to be addressed by district courts. Additionally, the orders of the bankruptcy court which are being upheld in this opinion in relevant part look to a trial on September 10, 1986.

2. 28 U.S.C. § 158(a) vests in the district court jurisdiction over appeals "from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." In the instant litigation, the order from which appeal is sought is clearly interlocutory, and Ginn has not sought leave to appeal therefrom. However, such leave to appeal is addressed to the discretion of this Court, *In re Charter Company,* 778 F.2d 617 (11th Cir. 1985), and the Court exercises such discretion favorably and rules on the appeal so that expedition may be had in regard to these proceedings.

3. 28 U.S.C. § 157(d) grants to the district court the right to withdraw "for cause shown" any reference made by it to the bankruptcy court.

4. At times relevant to these proceedings, Ginn was a division of Xerox Corporation. Subse-

quently, however, "Ginn purchased Xerox Corporation's assets and assumed its valid contract liabilities to third-party vendors," Motion filed June 20, 1986, at 11. On review of the documentation before me, I find and rule that Ginn, and not Xerox, is the proper party to this litigation and that no basis exists for joining Xerox as a party to these proceedings.

5. In passing, the Court notes that although Ginn claims the benefit of certain statutory enactments of the Commonwealth of Massachusetts, both the agreement and the service contract specify that interpretation of the terms and conditions thereof is to be had in accordance with the laws of the State of New York.

6. Page 2 of Ginn's proof of claim (a copy of which is annexed to Ginn's supplemental memorandum) states in relevant part:

Claimant asserts its entitlement to a trial by jury to establish the violation of Mass.Gen. Laws c. 93A, section 2, and the liability of the debtor under c. 93A, section 11, and the violation of Mass.Gen.Laws c. 231, section 85J, and the liability of debtor under that section.

of claim, that by filing said proof of claim Ginn had submitted itself to the jurisdiction of the bankruptcy court, and that such ruling was required by the decision of the Supreme Court in *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).[7] The bankruptcy judge further ruled that nothing contained in the decision in *Northern Pipeline Construction v. Marathon Pipeline Company,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), required a different result and that pursuant to 28 U.S.C. § 157(b)(2)(C)[8] the adversary proceeding before him was a "core proceeding" over which he had "core" jurisdiction. For reasons hereinafter detailed, this Judge concurs in such ruling.

*Katchen v. Landy, supra,* concerned a creditor who was an accommodation maker on certain notes executed by the corporate bankrupt. The creditor was also a corporate officer, and he exercised sole control of certain trust funds of the bankrupt. From such trust funds he made certain payments on the notes within four months of the filing of the bankruptcy petition. He filed two claims in the bankruptcy proceeding, and the response of the trustee was a petition asserting that the payments made by creditor from the trust fund to the banks comprised voidable preferences for which creditor was indebted to the estate. Claiming that if he had not filed his bankruptcy claims the trustee would have been required to commence a plenary action in which he would have been entitled to a jury trial, creditor challenged the jurisdiction of the bankruptcy court. Holding, *inter alia,*

that "a creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined" by the bankruptcy court, 382 U.S. at 334, 86 S.Ct. at 475, the Supreme Court denied this challenge to jurisdiction.

Subsequent attempts to modernize the bankruptcy laws culminated in the enactment of the 1978 Bankruptcy Code. Thereunder presidentially-appointed bankruptcy judges were granted wide jurisdictional powers over all "civil proceedings arising under ... in or related to cases under" the Bankruptcy Code. 28 U.S.C. § 1471(b) (1976 ed. Supp. IV). Included among these wide powers was to be the power to hold jury trials, 28 U.S.C. § 1480. The decision in *Northern Pipeline Company v. Marathon Pipeline Company, supra* ("*Marathon*"), arose from a federal district court action brought in Kentucky by Marathon against Northern claiming damages for breach of contract of approximately $2.5 million. While this action was pending, Northern sought relief by filing pursuant to Chapter 11 in the District of Minnesota, and the bankruptcy judge there denied dismissal of the action before him, but his ruling was reversed by the district court, which held that only Article III judges with lifetime tenure could hold jury trials.[9] When the case arrived at the Supreme Court, a plurality joined by two concurring justices upheld the action of the district court.

Seizing on a footnote in the plurality opinion,[10] Ginn here argues that the ratio-

---

7. The pretrial order at issue was filed by Judge Yacos on June 19, 1986, and a copy is attached to Ginn's supplemental memo.

8. 28 U.S.C. § 157(b)(2)(C) defines "core proceedings" to include "counterclaims by the estate against persons filing claims against the estate." Bankruptcy judges are granted jurisdiction over "all core proceedings" pursuant to 28 U.S.C. § 157(b)(1).

9. The 1978 Bankruptcy Code contemplated that those appointed bankruptcy judges by the President were to serve for a term of 14 years. The 1984 Amendments to the Bankruptcy Code continue a 14–year term for bankruptcy judges, but vest appointee power in the courts of appeals. 28 U.S.C. § 152(a)(1).

10. Appellants and JUSTICE WHITE's dissent also rely on the broad powers exercised by the bankruptcy referees immediately before the Bankruptcy Act of 1978. See *post,* at 98–103. But those particular adjunct functions, which represent the culmination of years of gradual expansion of the power and authority of the bankruptcy referee, see 1 Collier, *supra* n. 3, ¶ 1.02, have never been explicitly endorsed by this Court. In *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), on which the dissent relies, there was no discussion of the Art. III issue. Moreover, when *Katchen* was decided the 1973 Bankruptcy Rules had not yet been adopted, and the district judge, after hearing the report of the referee, was free to 'modify it or ... reject it in whole or in

nale of *Katchen v. Landy* is no longer applicable as regards the exercise of consensual jurisdiction in those cases where a creditor files a proof of claim but continues to attempt to contend that the bankruptcy court lacks jurisdiction. But while it is true that the dissenting opinions in *Marathon* adverted to the decision in *Katchen v. Landy, see,* 458 U.S. at 97 n. 4, 102 S.Ct. at 2885 n. 4 and 458 U.S. at 99, 102 S.Ct. at 2886, the factual circumstances of that case did not equate with the factual circumstances of *Katchen v. Landy.* As indicated above, there was pending in the federal district court in Kentucky a civil action based on breach of contract, and the relief sought was the continuance of the proceeding in that court, and not resolution of the issues therein raised before the bankruptcy judge.

Prior to ruling in the instant action, Judge Yacos engaged in a thorough analysis of *Marathon* in a case wherein a franchisee, who had not filed as a creditor in the bankruptcy proceedings, was sued in that court by the debtor-in-possession. Parsing *Marathon* in its true light, i.e., with consideration of the concurring opinion, Judge Yacos concluded—

> Accordingly, I conclude that subsections 157(b)(2)(A) and (O) must be construed as not including an adversary lawsuit brought by a debtor-in-possession based upon a state law contractual cause of action *against a defendant not otherwise involved in the bankruptcy proceedings.* This conclusion follows from what I find to be the precise and actual

holding of the United States Supreme Court in its *Marathon* decision in 1982. *In re Shaford Companies, Inc.,* 52 B.R. 832, 836 (Bankr.N.H.1985) (emphasis added).

■ In contrast, we have in the instant action a creditor, in the person of Ginn, who has sought to involve itself in the bankruptcy proceedings by filing its proof of claim and thus consenting to the jurisdiction of the bankruptcy court. I find the better-reasoned rule to be that in such context *Katchen v. Landy* is not altered by any of the definitive rulings in *Marathon, supra,* and is fully applicable, as is set forth by decisions such as *Matter of Baldwin-United Corporation,* 48 B.R. 49, 54 (Bankr.S.D.Ohio 1985).

■ Additionally, I find and rule that Ginn is not entitled to a jury trial under either of the Massachusetts statutes, n. 6, *supra,* on which it bases such claim. The Massachusetts courts (followed by the federal courts) have clearly held that no jury trial is available as of right for actions cognizable pursuant to Mass.Gen.Laws c. 93A. *Nei v. Burley,* 388 Mass. 307, 446 N.E.2d 674, 679 (1983); *Wallace Motor Sales v. American Motor Sales Corporation,* 780 F.2d 1049, 1052 n. 1 (1st Cir.1985); *A.F.M. Corporation v. Corporate Aircraft Management,* 626 F.Supp. 1533, 1550 (D.Mass.1985).[11] And, I find and rule, Mass.Gen.Laws c. 231 § 85J [12] does not afford to those who invoke its right to enhanced damages a right to jury trial thereof.

---

part or ... receive further evidence or ... recommit it with instructions.' General Order in Bankruptcy No. 47, 305 U.S. 702 (1939). *Northern Pipeline Company v. Marathon Pipeline Company, supra,* 458 U.S. at 79 n. 31, 102 S.Ct. at 2876 n. 31.

11. Additionally, Ginn presents no parallel federal claims such that independent Seventh Amendment analysis would allow them to proceed with jury trial under chapter 93A. *Puretest Ice Cream, Inc. v. Kraft, Inc.,* 614 F.Supp. 994, 997 (D.Mass.1985).

12. Mass.Gen.Laws c. 231 § 85J provides: Whoever, by deceit or fraud, sells personal property shall be liable in tort to a purchaser

in treble the amount of damages sustained by him.

The statute has not as yet been interpreted by any state court in Massachusetts, but it is contained in a section of the statute dealing with "pleading and practice" under the subsection of "Evidence, Liability, Etc." No indication is contained that the Legislature intended, and I find and rule that they did not intend, that a right to jury trial was granted under 85J. The Massachusetts federal district court has held that the statute has no application to stockbrokers. *Margaret Hall Foundation, Inc. v. Atlantic Financial Management, Inc.,* 572 F.Supp. 1475 (D.Mass.1983).

**83**

■ In sum, we have here a creditor who sought relief in the bankruptcy court by filing a proof of claim therein. Although the creditor attempted to set forth a claim of right to jury trial, such claim was without merit, and, in any event, nothing in *Marathon, supra,* would prevent the application of the doctrine of *Katchen v. Landy* in the circumstances of this litigation, even were the jury claim to be a valid one. Under all circumstances, therefore, the appeal herein is dismissed, the motion seeking withdrawal of reference from the bankruptcy court is denied, and the case is herewith remanded to the bankruptcy court for all further proceedings.

SO ORDERED.