**In re BKW SYSTEMS, INC., Debtor.**

**The BERTON GROUP, INC., Movant,**

v.

**BKW SYSTEMS, INC., Debtor.**

**Bankruptcy No. 86–287.**

United States Bankruptcy Court,
D. New Hampshire.

Oct. 28, 1986.

J. Michael Deasy, Hamblett & Kerrigan, Nashua, N.H., for Berton Group.

Morris Raker, William P. Stimson, Mary N. Peterson, Sullivan & Worcester, Boston, Mass., for debtors.

Barry Portnoy, Boston, Mass., for debtor, Richard Gagliuso, Nashua N.H. Daniel

Sklar, Manchester, N.H. Robert White, Los Angeles, Cal. Richard Wyde, Los Angeles, Cal. Percy Angelo, Mayer, Brown & Platt, Chicago, Ill. Mark Kanakis, Nashua, N.H.

John Jones, Goodwin, Procter & Hoar, Boston, Mass. Daniel Callaghan, Manchester, N.H. Richard L. Levine, Hill & Barlow, Boston, Mass. Timothy J. McCarthy, McCarthy & Magliozzi, Boston, Mass., Peter Nils Baylor, Nutter, McClennen & fish, Boston, Mass. Laurie D. Zelon, Hufstedler, Miller, Carlson & Beardsley, Los Angeles, Cal. Janis Burns, United States Trustee, Boston, Mass. Evan Jones, O'Melveny & Myers, Los Angeles, Cal. Lawrence Green, Perkins, Mescas, Smith, Arata & Howard, Boston, Mass.

Katharine S. Butler, Trust company Bank Atlanta, Ga. Herbert Kahn, Kahn & McKenzie, Boston, Mass. Krista Trusdale, Sullivan & Worcester, Boston, Mass. Francis J. Sweeney, Jr., The Hertz Corporation, New York City. Herbert Wolas, Robinson, Wolas & Diamant, Los Angeles, Cal.

## ORDER

JAMES E. YACOS, Bankruptcy Judge.

This case came before the court for hearing on October 22, 1986 with regard to the Motion For Relief From Automatic Stay filed by The Berton Group, Inc. (hereinafter "Berton") seeking a lifting of the automatic stay to permit Berton to proceed further with certain litigation pending in the state courts of California in which Berton is asserting various claims for damages and other relief against BKW Systems, Inc. (hereinafter "BKW" or "the debtor" herein), and against various other party defendants in those proceedings including Security Pacific Corporation (hereinafter "Security Pacific"). The debtor in the California lawsuit has asserted various counterclaims alleging damages it has suffered as a result of the conduct of Berton arising out of the same transaction.

In its motion for relief Berton asserts in this court that the California litigation in-

volves state law issues that "clear congressional policy" indicates should be litigated in the state courts. Berton cites the recent decision in *In re Castlerock, Inc.*, 781 F.2d. 159 (9th Cir.1986), in that regard. Berton also suggests that the disputes between itself and the debtor involved in the California litigation are noncore matters within the meaning of 28 U.S.C. § 157, and that accordingly this court could not directly enter binding final judgments on its claims against the debtor and the debtor's counterclaims arising out of the same transaction.

When pressed at the hearing as to how the disputes raised in the California litigation could be noncore matters, assuming that Berton will file a proof of claim to share in the assets of this bankruptcy estate prior to the general claims bar order requiring all claims to be filed by November 26, 1986, counsel for Berton indicated that Berton had not yet decided whether it would or would not file a proof of claim in this Chapter 11 proceeding.

 If Berton elects *not* to file a claim against this estate of course the entire issue as to the California litigation becomes moot because Berton would never share in the assets of this bankruptcy estate and the obtaining of any judgment against the debtor would be a futile exercise. If Berton *does* elect to file a proof of claim in this court on or before the claims deadline, it is clear under the decisions in this district that any hearing upon the proof of claim, and any "arising out of same transaction" counterclaim to the same filed by the debtor, would constitute a core jurisdiction matter in which this court would be fully authorized to proceed, if it should decide that the convenience and interest of the parties in interest did not require abstention or granting of a motion for relief to permit California litigation to proceed to the point of judgment. *In re Bedford Computer Corp.*, 61 B.R. 594 (Bankr.D.N.H.1986), *aff'd* 63 B.R. 79 (D.N.H.1986).

The reliance by Berton on the *Castlerock* case to the contrary is misplaced. That case does not hold that creditors seeking to

share in a bankruptcy estate, and any counterclaims that a bankruptcy debtor may have against such claimants, are outside the core jurisdiction of the bankruptcy courts. It dealt instead with a unique situation in which the creditor involved was not given an opportunity to freely elect whether or not to assert a claim in the bankruptcy proceeding. The bankruptcy court simply moved forward precipitously to assert jurisdiction over debtor's "counterclaim" against the creditor when the creditor had not yet filed a claim against the bankruptcy estate. *In re Castlerock, Inc.*, 781 F.2d at 161–162. The creditor had simply filed a motion for relief from the automatic stay, which was never acted upon by the bankruptcy court. *Id.*, at p. 163.

Nothing is more directly at the core of bankruptcy administration, especially in reorganization cases, than the quantification of all liabilities of the debtor to permit the bankruptcy process to continue. A ruling that as a matter of law claims against a bankruptcy estate, and any counterclaims arising out of the same transaction, must be determined in the state courts simply because state law issues are involved would be a truly revolutionary ruling guaranteed to bring chaos to the attempted administration of bankruptcy estates in the federal courts. In my judgment, no such revolutionary ruling was intended by the court in the *Castlerock* case, notwithstanding some broad language largely inconsistent with its actual holding that it would be "unfair.... on the facts of this case" to apply the 28 U.S.C. § 157(b)(2)(C) provision dealing with "counterclaim" core jurisdiction. The *Castlerock* decision I believe is best explained in terms of its actual narrow holding based upon the specific and rather peculiar procedural posture in which the issue was presented to the court of appeals.

None of the foregoing is to say that if Berton *elects* to file a proof of claim in this proceeding, in order to share in any asset distribution that may result from the same, that this court might not find upon a proper showing that the interests of the parties would be better served by permitting the California litigation to continue. However, as indicated above, if Berton elects not to file a proof of claim here the matter will become moot. Nothing in the orders of this court or in the Bankruptcy Statute or Rules *require* Berton to file a proof of claim here if it does not desire to share in this estate.

Accordingly, in view of the foregoing, it is my judgment that Berton's Motion For Relief From The Automatic Stay should be denied, without prejudice to a new motion for such relief after Berton decides whether it will file a proof of claim within the applicable claims deadline. It is therefore

ORDERED, ADJUDGED and DECREED as follows:

1. The Motion For Relief From Automatic Stay filed by the Berton Group, Inc., herein on October 1, 1986 is hereby denied, without prejudice to a new motion for such relief to be filed on or after November 26, 1986.

2. In any subsequent motion for relief to be filed in this case Berton, and any responding parties, may incorporate by reference the substance of their pleadings, affidavits, and legal memoranda filed with regard to the present motion without refiling the same.