**Mary Lise McMILLAN, Plaintiff,**

v.

**LINCOLN FEDERAL SAVINGS AND LOAN ASSOCIATION, a New Jersey corporation; Robert Messersmith, Linda Brunelle; Terry Larino; John Doe; Richard Smith; and Mary Jones (Fictitious names of individuals and/or corporations, whose identities are not yet known to the plaintiff), Defendants.**

**Civ. A. No. 87–2517.**

United States District Court, D. New Jersey.

Feb. 9, 1988.

Mahoney & Mahoney by Anthony M. Mahoney, Westfield, N.J., for plaintiff.

Apruzzese, McDermott, Mastro & Murphy by Lawrence Henderson, Springfield, N.J., for defendants.

## OPINION

BISSELL, District Judge.

The instant matter arises out of a Complaint and Jury Demand filed by plaintiff Mary Lise McMillan on May 11, 1987 in the Superior Court of New Jersey, Law Division, Union County. Defendants removed the case to this Court on June 26, 1987. Plaintiff alleges that she was compelled to resign her position, i.e., constructively discharged, on May 10, 1985, because of defendant Lincoln Federal Savings & Loan Association's ("Lincoln Federal") discrimination against her on the basis of her physical handicap and that the defendants' actions were arbitrary, capricious, wilfull and malicious. Also named as defendants are Robert Messersmith, Linda Brunelle, Terry Larino, John Doe, Richard Smith and Mary Jones (fictitious names of individuals and/or corporations, whose identities are not yet known to the plaintiff), all of whom are employees of Lincoln Federal.

In her Complaint, plaintiff alleges violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5–4.1, the New Jersey Constitution, and the Equal Protection Clause of the fourteenth amendment to the United States Constitution. In addition, McMillan's claim for disability and retirement benefits states a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiff seeks declaratory relief, retroactive backpay and other benefits, compensatory and punitive damages as well as costs and attorney's fees.

The present application before the Court is defendants' motion to strike plaintiff's demand for a trial by jury on the NJLAD issues. Defendants' motion does not address whether any of plaintiff's other claims, particularly her claims for retirement and disability benefits arising under ERISA entitle her to a jury trial on those issues. Therefore, this Court's discussion will be limited to jury trial rights under the NJLAD.

The NJLAD is silent on the question of the right to a jury trial. In their present motion, defendants contend that "the law in the State of New Jersey does not provide a right to trial by jury to persons asserting claims of handicap discrimination under the New Jersey Law Against Discrimination." Pl. Brief at 1–2. Specifically, defendants claim that the right to a jury trial is accorded only to parties asserting causes of action which existed at common law when the New Jersey Constitution, according a right to trial by jury, was adopted and that a suit for handicap discrimination in employment did not exist at that time. Moreover, defendants analogize to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., under which there is no right to a jury trial, because the Act only authorizes relief which is equitable in nature, such as reinstatement and backpay. In opposition, plaintiff characterizes her claim as one for

injury to her property or contractual rights, for which she is entitled to a jury trial.[1]

## DISCUSSION

Federal rather than state law governs the question of whether plaintiff has a right to a jury trial in this federal court on her state law claims. *Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963) ("the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions"); *Puretest Ice Cream, Inc. v. Kraft, Inc.,* 614 F.Supp. 994, 995 (D.Mass.1985) (the seventh amendment requires an independent federal inquiry into the character, legal or equitable, of the state law claim). Moreover, "the substantive dimension of the claim asserted finds its source in state law, ... (citations omitted), but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Simler,* 372 U.S. at 222, 83 S.Ct. at 610–11; *see also Puretest Ice Cream,* 614 F.Supp. at 995 (applying *Simler* rule to a state law claim over which the district court had pendent jurisdiction).

Thus, the issue is whether the seventh amendment of the United States Constitution, which preserves the right to a jury trial "[i]n suits at common law", entitles plaintiff to a jury trial on her claim in federal court under the NJLAD. It is settled law that the seventh amendment can apply to causes of action based upon statutes such as the NJLAD, because the right to a jury trial extends beyond common law forms of action recognized in 1791 when the seventh amendment was adopted. *See Curtis v. Loether,* 415 U.S. 189, 193–94, 94 S.Ct. 1005, 1007–08, 39 L.Ed.2d 260 (1974);

*Tull v. United States,* ―― U.S. ――, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987). The seventh amendment "requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis,* 415 U.S. at 193–94, 94 S.Ct. at 1008; *Tull,* 107 S.Ct. at 1835, 1837 (the court must determine whether the statutory action is more similar to actions at law or suits in equity by examining both the nature of the action and the remedy sought, with the characterization of the relief sought the "more important" consideration).

In *Curtis,* the Supreme Court examined whether defendants were entitled to a jury trial in a damages action under § 812 of the Civil Rights Act of 1968, 42 U.S.C. § 3612. That statute authorizes private plaintiffs to bring civil actions to redress violations of the fair housing provisions of the Act which provide that "[t]he court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney fee...." *Id.* 415 U.S. at 189–90, 94 S.Ct. at 1006. The Court analogized this private right of action to tort actions recognized at common law.[2] Because the action was one to enforce "legal rights" within the meaning of the Supreme Court's prior seventh amendment decisions and the relief sought—actual and punitive damages—was the traditional form of relief offered in courts of law, the Supreme Court held defendants were entitled to a jury trial. *Id.* at 195–98, 94 S.Ct. at 1008–10.

1. Plaintiff also relies on the case of *Massarksy v. General Motors Corp.,* 706 F.2d 111 (3d Cir. 1983). There, the appellate court commented that the plaintiff sought to amend his complaint to add a pendent claim under the NJLAD and that based on the jury's answers to special interrogatories, the court granted judgment for defendant. *Id.* at 114 n. 1. However, a complete reading of the case reveals that the district court denied the plaintiff's motion to amend to add a claim under the NJLAD and the case was tried by a jury on Massarksy's Age Discrimination in Employment Act claim alone. *Id.* at 125.

2. In a footnote, the *Curtis* Court acknowledged that some commentators believe suits alleging racial discrimination may be analogized to an action for defamation, intentional infliction of emotional distress or some other dignitary tort. *Curtis,* 415 U.S. at 195 n. 10, 94 S.Ct. at 1009 n. 10 (citing C. Gregory & H. Kalven, *Cases and Materials on Torts* 961 (2d ed. 1969)).

However, the *Curtis* Court cautioned that not all awards of monetary relief are necessarily "legal" relief. *Id.* at 196, 94 S.Ct. at 1009. The Court illustrated this point by referring to Title VII cases wherein the courts of appeals have characterized the relief available thereunder, including backpay, as equitable relief. The conclusion of those courts has been based upon the language of Title VII and the fact that the decision to award backpay is committed to the trial court's discretion.[3] The Supreme Court in *Curtis* found that in contrast, § 812's authorization of awards of compensatory and punitive damages could not be deemed equitable relief. *Id.* at 197, 94 S.Ct. at 1010.

This Court is unable to determine from the NJLAD itself whether or not the New Jersey legislature intended to grant a right to a jury trial. Therefore, it must be determined by analogizing to actions recognized at common law, whether the NJLAD "creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis*, 415 U.S. at 194, 94 S.Ct. at 1008.

The Court concludes that plaintiff's demand for a jury trial on its NJLAD claim should not be stricken as the NJLAD creates legal rights and provides legal remedies to private litigants in civil actions. Unlike the summary proceeding of the type that may be brought under the statute by the attorney general, for which no right to trial by jury existed at common law, a damages action under the NJLAD instituted by a private litigant is a full-scale plenary trial. *Sprague v. Glassboro State College*, 161 N.J.Super. 218, 225, 391 A.2d 558 (App.Div.1978). As in *Curtis*, this Court finds that a damages action under the NJLAD sounds basically in tort, that is, "the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach." *Curtis*, 415 U.S. at 195, 94 S.Ct. at 1009.

Additionally, at least a portion of the relief sought here, the compensatory and punitive damages prayed for, are traditional forms of relief available in ordinary courts of law. The case of *Gray v. Serruto Builders, Inc.*, 110 N.J.Super. 297, 265 A.2d 404 (Ch. Div.1970), teaches that under the NJLAD, plaintiff may be entitled to compensatory damages for injury such as mental suffering. 110 N.J.Super. at 312–17, 265 A.2d 404. Plaintiff also seeks an order declaring the defendants' alleged discriminatory actions unconstitutional and reimbursement of all the salary and other bnenefits lost as a result of defendants' actions.[4] It is unclear whether backpay and other benefits, such as disability and retirement, would be characterized as eq-

---

**3.** The Supreme Court has also contrasted Title VII cases with suits brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.; Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). In *Lorillard*, the Court held that although the ADEA contains no provision expressly conferring a right to a jury trial, the structure of the Act evinces a congressional intent to grant such a right. Because the statutory issue was dispositive there, the Court did not address the constitutional question. The Court's conclusion that a jury trial is available under the ADEA was based upon Congress' directive that the ADEA be enforced in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, which provides a right to a jury trial in private actions, and upon the language of the ADEA which authorizes private civil actions for "legal or equitable relief," 29 U.S.C. § 626(c). *Id.* at 580–3, 98 S.Ct. at 870–2. The Court rejected the petitioner's plea that the defendants' jury demand be stricken based upon a comparison of the ADEA with Title VII. Whereas the ADEA explicitly provides for "legal" relief, Title VII does not specifically authorize "legal" relief. Also, while the availability of backpay under Title VII is a matter of equitable discretion, under the ADEA, employers "shall be liable" for amounts deemed unpaid minimum wages or overtime compensation. *Id.* at 583–85, 98 S.Ct. at 871–72.

**4.** Although it finds its origin in equity, the remedy of declaratory judgment is, in itself, neither equitable nor legal. The Supreme Court has cautioned that "[t]he fact the action is in form a declaratory judgment case should not obscure the essentially legal [or equitable] nature of the action." *Simler*, 372 U.S. at 223, 83 S.Ct. at 611. Thus, the appropriate analysis requires a determination of the kind of action in which the claim would have come to the court if there were no declaratory judgment vehicle. *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir.1979) (citing 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2313).

uitable relief, as it is under Title VII.[5] In any event, the Court need not decide that issue for "the constitutionally required solution in these situations, in which a single issue may be either legal or equitable depending upon the remedy awarded, is to have the jury present to decide the issue, even though the court may have then to determine for itself whether to grant relief of a type historically equitable." 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2306 (footnotes omitted). The jury must decide the issue of defendant's liability under the NJLAD because the right to a jury trial on legal claims, including all issues common to both the legal and equitable claims, remains intact and "cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." *Curtis*, 415 U.S. at 196 n. 11, 94 S.Ct. at 1009 n. 11 (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470–3, 82 S.Ct. 894, 896–7, 8 L.Ed.2d 44 (1962)).

Accordingly, the factual issues related to the question of whether the defendants violated the NJLAD must be decided by a jury. If and when the defendants are found liable under that statute, the Court will determine whether any relief sought under the NJLAD is equitable in nature and, if so, whether such equitable relief should be awarded. The Court denies defendants' motion to strike plaintiff's demand for a trial by jury of her NJLAD issues.

---

**5.** This question with regard to plaintiff's request for disability and retirement benefits may not need to be decided here because this relief is sought under ERISA and thus the question which may have to be determined is whether plaintiff has a right to a jury trial on her claims under that statute.