STEVEN T. TRAVIS *vs.* JOHN MCDONALD.

Middlesex.  January 6, 1986. — April 7, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Consumer Protection Act,* Jury trial, Small claims procedure. *District Court,* Jurisdiction, Small claims procedure.

The small claims session of a District Court had jurisdiction to hear a claim under G. L. c. 93A, the Consumer Protection Act, which met the jurisdictional amount requirements of G. L. c. 218, § 21. [231-233]

A case arising under G. L. c. 93A, the Consumer Protection Act, which had been tried originally in the small claims session of a District Court, could properly be appealed for a trial de novo in the Superior Court in which, under G. L. c. 218, § 23, "the plaintiff shall have the same right to claim a trial by jury as if the cause had been begun in the superior court," even though, in an action cognizable under c. 93A, a jury trial would not be available to the parties as of right, but only in the discretion of the judge. [233-235]

CIVIL ACTION commenced in the Framingham Division of the District Court Department on November 26, 1984.

On appeal to the Superior Court Department, a motion to dismiss the appeal was heard by *Joseph S. Mitchell, Jr.,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Burton Chandler* (*Darragh K. Kasakoff* with him) for the defendant.

*Steven T. Travis,* pro se, submitted a brief.

HENNESSEY, C.J.  The defendant, John McDonald, appealed from a judgment entered against him in a G. L. c. 93A action by the small claims session of a District Court. A Superior Court judge ordered the dismissal of the appeal for lack of jurisdiction, and remanded the case to the District Court for entry of a final judgment. We granted the defendant's application for direct appellate review. We reverse that part of the

Superior Court order denying appellate jurisdiction, and remand the proceeding to the Superior Court for further action not inconsistent with this opinion.

The plaintiff, Steven T. Travis, commenced an action in the small claims session of the District Court against McDonald, an employee of Crown Chevrolet, Inc. (Crown). In this action Travis alleged that the defendant had engaged in unfair and deceptive consumer practices within the meaning of G. L. c. 93A, § 2 (1984 ed.). Specifically, Travis alleged that the defendant had repaired his automobile without giving him a copy of the cost of repairs; had estimated the repairs at $1,300 and charged over $2,300; had refused to honor an American Express card in payment for the repairs; and was holding the plaintiff's car for ransom. The judge entered a judgment for the plaintiff, awarding him damages in the amount of $1,000, doubled to $2,000 as permitted by G. L. c. 93A, § 9, less $825 for work performed by the defendant, and return of the car.

The defendant appealed to the Superior Court and moved in that court to dismiss the action on the ground that the small claims session lacked jurisdiction to hear a G. L. c. 93A claim under G. L. c. 218, § 21 (1984 ed.). A Superior Court judge ruled that the small claims session does have jurisdiction to hear G. L. c. 93A claims. Nonetheless, the judge then dismissed the defendant's appeal, ruling that because the small claims statute, G. L. c. 218, § 23, gives a defendant an appeal to Superior Court for a de novo trial by jury, and because there is no right to a trial by jury in a G. L. c. 93A case, no appeal to the Superior Court could be taken.

1. *Small Claims Jurisdiction.*

The Superior Court judge correctly determined that Travis's consumer protection claim under G. L. c. 93A could properly be heard in the small claims session of the District Court. Under the small claims procedure statute, G. L. c. 218, § 21, a plaintiff may commence in the small claims session "claims in the nature of contract or tort, other than slander or libel, in which the plaintiff does not claim as debt or damages more than twelve hundred dollars." The determinative issue is

whether c. 93A claims are claims "in the nature of contract or tort" within the ambit of G. L. c. 218, § 21. In *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688 (1975), we had occasion to discuss the breadth of G. L. c. 93A. We noted that c. 93A establishes a new cause of action for unfair and deceptive trade practices, "neither wholly tortious nor wholly contractual in nature." *Slaney, supra* at 704. See *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621, 626 (1978). The purpose of this discussion was to indicate that c. 93A claims are "sui generis," and involve new substantive rights "not subject to the traditional limitations of pre-existing causes of action." *Slaney, supra*. Yet the fact that c. 93A claims are neither "*wholly* contractual" nor "*wholly* tortious" causes of action, as these terms were understood at common law, does not imply that these claims are not, at least derivatively, "in the *nature* of contract or tort" within the meaning of the small claims procedure statute. Chapter 93A claims normally are within "at least the penumbra" of common law tort or contract principles, see *PMP Assocs.* v. *Globe Newspaper Co.*, 366 Mass. 593, 595-596 (1975), citing the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) (1970), as by definition they are based on unfair or deceptive practices in trade or commerce. G. L. c. 93A, § 2. We thus hold that c. 93A claims which meet the jurisdictional amount requirement[1] are proper candidates for small claims treatment under G. L. c. 218, § 21.

This result is consistent with the legislative purpose underlying these two statutory schemes. The small claims procedure statute is designed to provide a "simple, informal and inexpensive procedure" for the determination of claims involving rela-

---

[1] General Laws c. 218, § 21, provided, in part, that "[a]n action may be commenced under this section if the initial amount of damages claimed is twelve hundred dollars or less . . . notwithstanding that the court may award double or treble damages in accordance with the provisions of any general or special law." Thus, even though the judge may award a c. 93A claimant double or treble damages for a "willful or knowing" violation of G. L. c. 93A, § 9, the claimant may properly commence an action in the small claims session of the District Court if the amount of actual damages requested is not more than $1,200. Travis's statement of claim averred damages in the amount of $1,200.

General Laws c. 218, § 21, was amended by St. 1985, c. 101, increasing the small claims ceiling to $1,500.

tively small amounts of money. G. L. c. 218, § 21. This procedure allows meaningful access to the court system for litigants who, due to financial constraints or lack of familiarity with the legal process, might not otherwise be in a position to vindicate their rights. Allowing c. 93A claimants to appear in the small claims session will ensure greater access for aggrieved individuals, and promote the enforcement of our consumer protection laws. The Legislature recognized these benefits in 1978 by allowing c. 93A claimants who are seeking only money damages, and not equitable relief, to file their claims in District Court. G. L. c. 93A, § 9 (3A), inserted by St. 1978, c. 478, § 46. It is both logical and consistent with legislative policy to allow c. 93A claimants seeking not more than $1,200 to proceed in the small claims session of that same court.[2]

2. *Right of Appeal.*

The Superior Court judge erred in ruling that, because there is no right to a jury trial in c. 93A cases, such claims initiated in small claims session cannot be appealed to the Superior Court for a trial by jury de novo pursuant to G. L. c. 218, § 23 (1984 ed.). Section 23 provides that a defendant may file a claim of trial by jury within ten days of receiving an adverse small claims session judgment. If a defendant appeals a small claims judgment to the Superior Court pursuant to this provision, the statute provides that "the plaintiff shall have the same right to claim a trial by jury as if the cause had been begun in the superior court." G. L. c. 218, § 23. The language of § 23 makes clear that the Legislature, in making provision for a two-tier system of trial de novo for small claims actions, envisioned that the litigants have at least the possibility of obtaining a trial by jury when an appeal is taken from a small claims judgment. Here, the right to a trial de novo in the Superior Court depends on whether a trial by jury is available for actions brought pursuant to c. 93A.

In the case of *Nei* v. *Burley*, 388 Mass. 307, 315 (1983), we held that litigants in actions cognizable under G. L. c. 93A

---

[2] For commentary in accord with this position, see H.J. Alperin & R.F. Chase, Consumer Rights and Remedies § 124 (1979 & Supp. 1985).

have no *right* to a jury trial. See *Spring* v. *Geriatric Auth. of Holyoke*, 394 Mass. 274, 289 & n.14 (1985). See also *Purest Ice Cream, Inc.* v. *Kraft, Inc.*, 614 F. Supp. 994, 997 (D. Mass. 1985). While the parties in c. 93A actions cannot insist on a jury trial of their claims, "[t]he rule [of *Nei* v. *Burley*] does not suggest that a judge is prohibited from submitting such a case to the jury." *Service Publications, Inc.* v. *Goverman*, 396 Mass. 567, 577-578 (1986).[3] *Charles River Constr. Co.* v. *Kirksey*, 20 Mass. App. Ct. 333, 337-339 (1985) (trial judge's exercise of discretion in submitting c. 93A claim to a jury not reversible error). See *Capp Homes* v. *Duarte*, 617 F.2d 900, 902 n.2 (1st Cir. 1980) (case decided before *Nei* v. *Burley, supra*, where court held that c. 93A contemplates trial by jury).

Because a Superior Court judge may exercise discretion in deciding whether to submit a c. 93A claim to the jury in the first instance, the provision in c. 218, § 23, that defendants in small claims proceedings have the right to appeal adverse judgments to the Superior Court for a trial by jury de novo, does not pose an impediment to the appellate rights of defendants in c. 93A actions heard originally in small claims session. Just as Superior Court judges presently exercise discretion in deciding whether c. 93A actions commenced in Superior Court should be heard by a jury, judges are capable of exercising the same type of discretion in determining whether appeals from small claims session judgments in c. 93A actions should be heard by a jury. To take advantage of the appeal provisions of c. 218, § 23, all that is necessary is that the litigants have the possibility of a trial by jury de novo. Whether the actual trial is a jury trial or a jury-waived proceeding is immaterial

---

[3] We observe that the Superior Court judge did not have the benefit of our decision in the case of *Service Publications, Inc.* v. *Goverman*, in ruling on the defendant's appeal from the small claims judgment. The judge's order was entered on March 26, 1985. Our decision in *Goverman* was issued on January 17, 1986. The parties also were not able to use the *Goverman* decision in preparing and arguing this appeal from the Superior Court judge's order because oral argument was heard by this court on January 6, 1986.

to whether the right of appeal is available. Thus, we conclude that defendants in c. 93A actions initiated in the small claims session have the right to appeal an adverse judgment to the Superior Court for a trial de novo. To hold otherwise would unfairly deprive these defendants of the right of appeal afforded defendants in other types of small claims actions. Cf. *Lindsey* v. *Normet*, 405 U.S. 56, 77 (1972) (once an appeal is afforded, it is a violation of the equal protection principle to grant a right of appeal to some litigants and to deny the right capriciously or arbitrarily to others).

3. *Conclusion.*

The order of the Superior Court is affirmed in part and reversed in part. The case is remanded to the Superior Court for a trial de novo on the plaintiff's c. 93A claim. Whether the trial de novo is conducted before a jury, or is a jury-waived proceeding, is left to the discretion of a Superior Court judge.

*So ordered.*