STEPHEN J. LYONS *vs.* KINNEY SYSTEM, INC.

Nos. 88-P-739 & 88-P-740.

Suffolk.   April 18, 1989. — May 25, 1989.

Present: GREANEY, C.J., BROWN, & PERRETTA, JJ.

*District Court*, Small claims procedure. *Practice, Civil*, Small claims procedure, Judicial discretion. *Constitutional Law*, Fair trial.

A judge of the Boston Municipal Court Department properly exercised his discretion in denying a defendant's motions to transfer two small claims cases to the regular civil docket of that court pursuant to G. L. c. 218, § 24, and Rule 4(a) of the Uniform Small Claims Rules (1983), where the defendant's stated purpose in seeking the transfer, namely, to obtain discovery not provided under small claims procedure, was accomplished by the judge's discovery order under Rule 5 of the Uniform Small Claims Rules (1983) and where, furthermore, the defendant made no showing that its constitutional rights were infringed by the statutory treatment of findings against it in the small claims session as prima facie evidence for the plaintiff in the subsequent jury trial. [388-390]

The judge who presided at the jury trial of a claim originally heard in the small claims session of the Boston Municipal Court Department did not abuse her discretion in denying the defendant's motion for a new trial or for a reduction of damages, where the jury's finding was warranted by the evidence. [390-391]

CIVIL ACTIONS commenced in the Boston Municipal Court Department on May 20, 1987.

On appeal to the jury session the cases were tried before *Sally A. Kelly*, J., and motions for a new trial or to amend the judgment were heard by her.

*James R. Rosencranz* for the defendant.

*Stephen J. Lyons*, pro se, submitted a brief.

GREANEY, C.J. We are concerned in these appeals with the denial by a Boston Municipal Court judge of the defendant's separate motions to transfer two small claims to the court's regular civil docket. The defendant argues that the denial of

transfer ultimately deprived it of a fair jury trial on the plaintiff's claims.

The background of the appeals is as follows. The plaintiff, a resident of the apartment building at 1 Devonshire Place, Boston, leased from the defendant a monthly parking space at the garage in that building. Under the terms of the parking lease an automobile is left at a control booth by the owner and parked in the garage by an attendant employed by the defendant. On August 7, 1986, the plaintiff left his BMW automobile with the defendant's attendant. The next morning he observed damage to the front bumper of the BMW that had not been there the night before. On October 25, 1986, the plaintiff left his Volvo automobile with the defendant's attendant. The next morning he observed damage to the front of the Volvo that had not been there the night before.

On May 20, 1987, the plaintiff filed two small claims against the defendant in the small claims session of the Boston Municipal Court. The claims sought to recover damages for the defendant's alleged negligence in its handling of the BMW and the Volvo after the automobiles had been left in the care of the garage attendant. The defendant filed motions to transfer both small claims to the court's regular civil docket pursuant to the provisions of G. L. c. 218, § 24, and Rule 4(a) of the Uniform Small Claims Rules (1983). The motions for transfer were denied by a judge of the Boston Municipal Court. After hearings, separate findings in the plaintiff's favor were entered in the small claims session assessing damages against the defendant of $130.00 on the claim involving the BMW and $778.72 on the claim involving the Volvo.

The defendant seasonably claimed a trial by a jury of six as to both findings in the Boston Municipal Court. See G. L. c. 218, § 23; Rule 10 of the Uniform Small Claims Rules (1987). The claims were retried in separate jury trials in which the findings from the small claims proceedings were introduced in evidence. Both juries were instructed in accordance with the direction of the second sentence of the fifth paragraph of G. L. c. 218, § 23, as appearing in St. 1986, c. 295, that "[a] finding for the plaintiff in [the small claims session of] the

district court department shall be prima facie evidence for the plaintiff in the trial by jury of six." On the claim concerning damage to the Volvo, the jury returned a verdict for the plaintiff in the amount of $778.72. On the claim concerning the BMW, the jury returned a verdict for the plaintiff in the amount of $757.72. Appropriate judgments appear to have been entered. A motion by the defendant for a new trial or to amend the judgment (by reducing the amount of damages found by the jury) was filed with respect to the BMW claim and was denied. A motion for a new trial with respect to the Volvo claim was also denied. The defendant has appealed from the judgments and the denial of the postjudgment motions in both cases.

The defendant argues that the denial of its motions to transfer the cases to the regular civil docket forced it to proceed in the small claims session with no right to a subsequent review in the Appellate Division of any error of law (such as the intro- duction of inadmissible evidence or the absence of sufficient evidence to warrant a finding for the plaintiff) that might un- derlie, and taint, the findings in the small claims session. The defendant points out that these findings in turn acquired the status of prima facie evidence in the jury-of-six trials and thus, if the findings were legally inadequate, could have influenced the jury to reach an improper result. The result, the defendant asserts, is an impairment of its constitutional right to a fair jury trial under art. 15 of the Declaration of Rights of the Constitution of the Commonwealth and its rights to due process and equal protection under the Constitutions of the Common- wealth and the United States.

The problem raised by the defendant was discussed in *Daum* v. *Delta Airlines, Inc.,* 396 Mass. 1013 (1986). In that case, the Supreme Judicial Court concluded that the provisions of G. L. c. 218, § 24, which permit transfer of small claims to the regular civil docket of the District Courts, establish a pro- cedure by which a party can obtain review in the Appellate Division of alleged errors of law. The availability of this pro- cedure provides a safeguard against a jury considering evidence which carries special weight but which in the usual course cannot be tested for its legal sufficiency in advance of the jury

trial. The court also made the following statement: "In view of the requirement that the decision in the District Court is to be given prima facie effect in subsequent jury trials (see *Lubell* v. *First Nat'l Stores, Inc.*, [342 Mass. 161, 164 (1961)]), and the clear statutory mandate that small claims procedure be an alternative nonexclusive remedy, a judge should rarely, if ever, exercise his discretion to prevent [transfer]." 396 Mass. at 1014.

We do not read this advice as precluding the exercise of sound discretion by a District Court judge to deny a motion for transfer when the motion seeks transfer to accomplish a purpose that can be wholly satisfied in the small claims session. Such is the case here. The defendant's motions for transfer were based on the ground that the defendant needed the discovery that would be provided by the status of the cases as regular civil cases in order to defend against the plaintiff's allegations of liability and damages. In the motions, the defendant noted that in each statement of small claim the plaintiff merely alleged that the automobile in question had been damaged by a parking attendant employed by the defendant while at the Devonshire Street garage and that the plaintiff had incurred repair expenses in an enumerated amount. Each motion then argued as follows:

> "In order to defend itself against this action defendant will need the discovery allowed only by the Regular Civil Docket. Bold allegations that damage has occurred and that it is in a certain amount prejudices defendant in that it will not know what substance these amorphous allegations have until the time of the Small Claims Trial. The defendant has good and valid defenses to this action and the instant motion is not interposed for delay."[1]

Based on this assertion, the judge who acted upon the motions reasonably could have decided that the defendant's requests for transfer would be adequately addressed if the defendant was provided with the opportunity in each case for discov-

---

[1] Each motion also contained reference to the advice in the *Daum* case that transfer should be routinely allowed.

ery. Acting pursuant to Rule 5 of the Uniform Small Claims Rules (1983), which authorizes discovery in a small claim action upon good cause shown, the judge denied the motions to transfer, continued the hearing dates on the claims, and directed the plaintiff to file answers to interrogatories propounded by the defendant and to respond to the defendant's requests for production of documents. The plaintiff complied with the discovery orders, and the record discloses that the defendant obtained an adequate understanding of the factual basis on which the plaintiff's assertions of liability and damages depended.

We believe that the judge's action refusing transfer was consistent with the stated purpose of each motion and that the action properly balanced that purpose with the need for efficient regulation of civil business in a very congested urban court and with the goal of adjudicating small claims by prompt informal hearings. Based on these considerations, and the facts noted below,[2] it follows that the defendant has not shown any infringement of its constitutional rights.

Finally, the judge who presided at the jury trial of the claim pertaining to the BMW did not abuse her discretion in denying the defendant's motion in that case for a new trial or to amend the judgment (by reducing the amount of the damages). By rejecting the motion, the judge determined that there was evidence before the jury (in the form of photographs and testimony) which warranted their finding of a diminution in the

---

[2] We note that the affidavits supporting the defendant's subsequent requests for jury trials in both cases made no assertion of any legal error in the findings made in the small claims session. Each affidavit premised its request for a jury trial on the following statement:

"There are questions of law and fact that require a trial by jury, to wit, the alleged damage was not discovered by the plaintiff but was made by a third party who has possession of the vehicle. Also, the damage, if there was any damage, was not in the amount claimed by the plaintiff."

The defendant also does not point in his appellate brief to any deficiencies in the small claims hearings beyond making conclusory assertions of error. If the plaintiff's testimony at the small claim hearings was the same as his testimony at the jury trials (only the latter is before this court), there was adequate evidence to warrant a finding in his favor as to both liability and damages on each small claim.

fair market value of the BMW of $757.72. We agree with the judge that the evidence was sufficient to support the jury's finding.

In 88-P-739 (Boston Municipal Court case no. SJ-87-01-17), the judgment is affirmed and the order denying the defendant's motion for new trial or to amend the judgment is affirmed.

In 88-P-740 (Boston Municipal Court case no. SJ-87-01-18), the judgment and the order denying the motion for a new trial are affirmed.

*So ordered.*