Welsh, J.
This is an appeal by The Home Depot from a judgment in the Quincy District Court awarding the plaintiff nominal damages in the sum of $25.00 and granting an injunction against Home Depot requiring compliance with the Item Pricing Regulations issued by the Attorney General pursuant to G.L.C. 93A §2(c).
The judge awarded the plaintiff $25.00 and issued a comprehensive injunction against Home Depot requiring the defendant to comply with the Attorney General’s pricing regulations, save for certain fungible items sold in bulk, and to submit a compliance plan to ensure proper implementation of the court s injunction.
Appellant raises three issues: First, did the judge err in determining that it had jurisdiction to grant injunctive relief against Home Depot; Second, did the demand letter satisfy the legal requirements under G.L.c. 93A; Third, did the court err in deciding that the plaintiff had standing to bring the action.
We determine there was no error and order that the appeal be dismissed.
Judgment was ordered based upon the judge’s denial of Home Depot’s Motion to Dismiss and the granting of Herman’s Motion for Summary Judgment The facts as gleaned from the materials offered in support of these motions and the judge’s “findings of fact” are, as follows:
On October 13,1999, the plaintiff sent a demand letter under G.L.c. 93A stating that Home Depot was not in compliance with the Attorney General’s Regulations [940 C.M.R., §3.13(1)] by reason of failing to affix to merchandise the prices of goods offered for sale. The letter states that the plaintiff had brought this fact repeatedly to the attention of the Store Manager in the Quincy store, but that corrective action was not forthcoming. See Leardi v. Brown, 394 Mass. 151, 165-166 (1985). The writer states that he had personally experienced this failure which he characterized as an unfair and deceptive practice. The letter demanded a written offer of settlement within 30 days or the plaintiff would commence an action under 93A The specific unfair practice was clear in the letter as well as the remedy the plaintiff sought See Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975). We conclude the demand letter was sufficient
Home Depot responded that it had no obligation to make an offer of settlement, claiming that the demand letter was defective as a matter of law and that plaintiff lacked “standing” to bring the action.
On December, 1999, the plaintiff commenced a small claims action against Home Depot G.L.c. 218, §§21-24. The plaintiffs claim states that Home Depot refused to place prices directly on the merchandise offered for sale in violation of the Attorney General’s Regulations and had refused to tender a reasonable offer of settlement after receipt of the demand letter. The plaintiff then stated that he was *133 bringing the action as an individual consumer and not as a “private attorney general,” and opposed the Motion to Transfer filed by Home Depot The Motion to Transfer was allowed on January 19, 2000. See Daum v. Delta Airlines, Inc., 396, Mass. 1013 (1986).[1]
The plaintiffs consumer protection action was properly brought as a small claims action since it is at least derivatively in the nature of tort or contract Travis v. McDonald, 397 Mass. 230, 231-232 (1986). By virtue of St 1989, c. 465, §1, the small claims sessions were empowered to grant equity relief in action in which money damages are sought Agreeable to G.L.c. 218, §24, the defendant obtained over the objection of the plaintiff a transfer to the regular civil docket By virtue of St 1996, c. 358, the action became one subject to the provisions of the experimental one-trial system in effect in Norfolk and Middlesex Counties. Section 3 of the Act empowers the district court to grant equitable relief.
While it may be conceded that as a general principle of statutory construction, a repeal by implication is not favored, see Dedham Water Company v. Dedham, 395 Mass. 510, 518 (1985), that principle is subject to distinction. The test is one of repugnancy. If the latter statute is so repugnant to the statutory scheme established by the former, a repeal by implication may be implied. Cf. Registrar of Motor Vehicles v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 382 Mass. 580, 585-586 (1981).
The appellant contends that G.L.c. 93A, §9(3A) restricts the district courts’ authority to awarding money damages only. An analysis of that statute and the statutes granting equity power to the district courts both in small claims proceedings and in actions commenced and tried in the district courts under the one-trial system persuades this Appellate Division to conclude that the granting of equity relief is neither inconsistent with nor repugnant to G.L.c. 93A, §9(3A). The limitations with respect to restricting relief for money damages only can best he understood in the context of the statute’s enactment St 1978, c. 478, §46 was part of the omnibus Court Reform Act of 1978. Among other things, that Act created a single trial court consolidating all of the organically separate trial courts into one trial unit Perhaps to assuage concerns from some quarters that the consolidation sought to be achieved would somehow be construed to invest district courts with equity power not traditionally present the grant of jurisdiction of consumer actions to the district court department under G.L.c. 93A was expressly limited to such actions to money damages only were sought This was, of course, consistent with the principle that except for certain specific instances expressly covered by statutes, district courts were not empowered to exercise equity jurisdiction.
The subsequent grant of equity jurisdiction ancillary to actions in the nature of contract or tort under the Small Claim Act (St 1989, c. 468, §1) and actions subject to St 1996, c. 358, §3, evince a clear legislative intent to empower district courts to grant equitable relief when appropriate in Consumer Protection actions, as well as other types of actions subject to the removal, transfer and appeal provisions of G.L.c. 238, §§97-107. A contrary interpretation would frustrate tire legislative purpose of the enactments and lead to absurd results. For example, a consumer action in which the amount in controversy is well within the limits of small claims jurisdiction and in which equitable relief is sought would either have to be brought or transferred for determination to the Superior Court Such result would clearly be at odds with the clear intent of both the Small Claim statute as well as the one-trial *134 system which requires that there be but one trial in actions subject to the Act If a plaintiff sought to bifurcate the action, bringing the money damage portion of the claim in the district court and seeking equitable relief in Superior Court not only does this occasion an unnecessary multiplicity of actions, but it would impede if not defeat as a practical matter the legislative intent of providing a forum accessible to wronged consumers in the Small Claim sessions of the district courts. See Travis v. McDonald, supra, at 231, 232. Not only would a plaintiff be confronted with significant practical difficulties, he or she might run amok of the policy against claim-splitting. See Cousineau v. Laramee, 388 Mass. 859, 860-863 (1983). This, it may be observed, is a sword that cuts both ways: Unless a defendant appears and defends in the Small Claim action, he may be precluded from litigating the factual basis an award of equitable relief in a later Superior Court action, thus requiring two actions to accomplish justice when one action should suffice.
As was observed in the court’s opinion in Brossi v. Fisher, 1999 Mass. App. Div. 99, the one-trial system by its very nature is temporary experiment, the special Act does not specifically address every conceivable interaction of its provisions with those of oilier statutes dealing with civil procedure. Id. at 102. One of the principal arguments advanced by appellant (indeed, a theme underlying its entire thrust in the action from its inception) is the notion that the plaintiff did not have “standing” to bring this action. The notion is based upon an outmoded and legislatively repudiated view of the requirement of “standing” in such cases. See Baldassari v. Public Finance Trust, 369 Mass. 33, 44-46 (1972) Goss of money or property essential for standing). In Leardi v. Brown, 394 Mass. 151 (1985), the Supreme Judicial Court held that the inclusion in residential leases of illegal clauses gave the plaintiffs as tenants standing notwithstanding a lack of evidence that the defendant landlord attempted to enforce the unlawful clauses. Id. at 159. Construing the 1979[2] amendment to G.L.c. 93A §9(1) which was enacted in part as a legislative response to the Baldassari decision, the court in Leardi held that the plaintiffs were no longer required to show a loss of money or property. A showing of “injury” was sufficient Id. at 161. “Injury” was defined as an invasion of a legally protected interest In Leardi, the “interest” was that of the plaintiffs in having a residential lease free of legally offensive clauses. In the instant case,the plaintiffs interest in having prices affixed to items sought to be sold in defendants store is sufficient As was pointed out in the amicus brief filed by the Attorney General, the ability of the plaintiff to know the prices without having to make the trip to a cash register to “scan” the item for its price, to be able to comparison shop conveniently without repeated trips to the register to verify prices with the loss of time is a sufficient demonstration of “injury.” The defendant’s failure to comply also impeded plaintiffs right to comparison shop in Home Depot The fact that the plaintiff failed to demonstrate that he was deceived or cheated by the non-compliance of the store is not required. This is not a purely vicarious action by a self-appointed private attorney general. The effect of the failure to comply on the plaintiff was certainly as palpable as that on the tenants in Leardi, if not more so. We determine that the plaintiff indeed had “standing” to bring the action.
Other Issues: Interdepartmental Transfers For Empowering District Court Judge To Act As A Superior Court Judge: Uniform Trial Court Rule XU
Appellant raises several issues in his supplemental brief. Since some of these relate to jurisdiction and procedural issues, we deal with these seriatim.
In the view we take of the matter, a remand to seek an interdepartmental order from the Chief Justice for Administration and Management to empower the district court judge to sit as a Superior Court judge is unnecessary. See G.Lc. 211B, *135 §9; ROPT Limited Partnership v. Katin, 431 Mass. 601, 608 (2000). If one were to conclude contrary to our view that subject matter jurisdiction was deficient, a transfer under Rule XII might serve to remedy such a defect
Appellate Jurisdiction To Review Equity Orders
We determine that the Appellate Division has jurisdiction to review an order granting equitable relief in cases properly before the district courts under the one-trial system. Walker v. Board of Appeals of Harwich, 388 Mass. 42 (1987) is inappo-site. In Walker, the pivotal issue was what appellate forum and what form of procedure was applicable where further judicial review was sought in a zoning appeal heard in the district court Since there was no statutory provision made for further appellate review, the Supreme Judicial Court held that the Appeals Court rather than the Appellate Division, was the proper forum. Id. at 50. In so doing, the court reflected that the then prevailing appeal process in the appellate division by report analogous to bills of exception, was not a suitable vehicle for an equity type appeal. Id. at 45. The one-trial system, on the other hand, expressly contemplates review by the Appellate Division. Since the district court is given equity jurisdiction of cases within the ambit of the so-called “experimental” statute, it is clear that review of equity orders should take place in the Appellate Division. In fact, the Appellate Divisions have been exercising appellate review of equity orders in appeals under the one-trial system. See e.g. Yung v. Reymonde, 1999 Mass. App. Div., n.3, aff'd 433 Mass. 1001 (2000). (Order as to declaration of priority among claimants to a fund incidental to Motion to Charge Trustee reviewed by Appellate Division).
The case of Commonwealth v. Russ, R., A Juvenile, 433 Mass. 515 (2001), is entirely consistent with the result we reach. In that case the Supreme Judicial Court held that the juvenile session of the district court did not have jurisdiction to grant immunity under G.L.c. 233, §20E which empowers the Supreme Judicial Court, the Appeals Court, and the Superior Court to issue a grant of immunity. G.L.c. 119, §56 (d) provides that a judge presiding over a jury session in the Juvenile Court Department has the authority to exercise all the powers and duties which a Superior Court judge has and may exercise in the trial of criminal cases. The court held that 56(d) did not empower the judge in the Juvenile Jury session to grant immunity. The court reasoned that the enumeration of the three courts which had authority to grant immunity which did not include the Juvenile Court was determinative.
There is a distinction between the Russ case and the instant case. In Russ, the immunity statute was amended after 56(d) was enacted with a specific expansion of the enumeration of courts empowered to grant immunity. In gleaning legislative intent, it would be difficult to assume that the juvenile and district courts were intended to have immunity granting powers in view of their absence from the expanded enumeration of courts having such specific powers. Id. at 521-522. Finally, since the ambit of the immunity statutes did not include district or juvenile courts, it would be difficult to “read in” a legislative intent to give district and juvenile courts immunity granting authority. By contrast, the statutes granting equity jurisdiction to district courts in small claims and under the one-trial system were enacted subsequent to G.L.C. 93A §9 (3A). There is no question that the legislature granted equity powers to the district courts. The issue is whether such grant by implication repealed the limitation as to money damage awards only in the district court
In Brossi v. Fisher, 51 Mass. App. Ct. 542 (2001), the Appeals Court held, as did the Appellate Division, that c. 231, §6F was not applicable to the district courts, notwithstanding the one-trial system created by St 1996, c. 458. Noting that the statute did not purport to create any new substantive rights (Jd. at 548), the court held that the omission of the district courts from the enumeration of trial courts *136 that had authority to entertain motions to award attorney fees and costs reflected a deliberate choice not to “chill” litigants in smaller cases from pursuing their claim lest they run the risk of sanctions. The enactment of the one-trial system and the empowerment of district court judges under §8 of St 1996, c. 258 to exercise powers of a Superior Court judge did not expand 6F to include the district courts. In contrast the power to grant equitable relief is expressly granted to district courts under the one-trial system, St 1996. c. 358, §3, evincing a legislative intent to expand the powers of district court judges disposing of cases subject to the new one-trial system. That power, we conclude, implicitly repeals the limitations of G.L.c. 93A, §9(3A), restricting the district courts to money damages only.
It would be anomalous to say the least and grossly circuitous to construe the statute so as to confer appellate jurisdiction of a single action and have appellate review on the money damage portion of an action in the Appellate Division and appellate review of equitable orders in some other forum.
Appellant’s Failure To File Bond
Appellee raises the question of failure to file an appeal cost bond or to make arrangements for depositing of funds or to otherwise seek relief from the procedural requirements. Since we have addressed the issues raised by the parties on the merits, we deem this issue as waived. We observe, however, that under Rules 3 and 4, Mass. RA.D.A, which require a timely notice of appeal and entry fee, no mention is made of a cost bond. Rule 65(c), Mass. R. Civ. R requires the party obtaining the injunction to furnish a cost bond or equivalent security in the event the court finds that a party against whom a restraining order or preliminary injunction issues was wrongfully restrained or enjoined. Clearly, this requirement has no application to the present case. In any event, under Rule 65(c) a court need not require a bond. The court's decision on such matters is discretionary. Failure to require a bond is nota jurisdictional defect See American Circular Loom Co. v. Wilson, 198 Mass. 182, 211 (1908).
Remand Orders
We affirm the judgment and determine that the appeal be dismissed. Since the plaintiff acted pro se in the Quincy District Court, there was no occasion for the court to award counsel fees as G.L.c. 93A, §9(4) permits. Appellee’s counsel has sought an award of attorneys fee in his brief in accord with the procedures outlined in Yorke Management v. Castro, 406 Mass. 17, 20, (1989). “The statutory provision for a ‘reasonable attorney’s fee’ would ring hollow if it did not necessarily include a fee for the appeal.” Id. at 19. The appellee may submit to the Appellate Division his petition for fees, together with the necessary back-up material and details as to hours spent, precise nature of the work, and fees requested. The appellant may file opposition materials in ten (10) days from the date of service of appellee’s submittal.
So ordered.

 The Daum case held that since the right to trial by jury was implicated, rarely should a Motion for Transfer be refused. In the present case, since the only claim was under G.L.c. 93A there is no jury trial right. See Nei v. Burley, 388 Mass 307, 315 (1983). Since a jury trial might be afforded as a matter of discretion, the rationale of the Daum case would apply. C.f. Travis v. McDonald, infra, at 234-235.

 St. 1979, c. 406, §1.