Greco, J.
Pursuant to G.L.c. 218, §23, the trial court has reported for our review the propriety of its denial of the plaintiffs motions to transfer two related small claims actions to the regular civil docket.
In each action, the plaintiff, a chiropractor, alleged that the defendant, an insurance company, failed to pay him Personal Injury Protection (“PIP”) benefits under G.L.c. 90, §34M for medical services rendered. The two separate actions involved medical treatment provided to two different patients. In each case, the plaintiff sought attorney’s fees and costs under §34M; and multiple damages, interest, costs and attorney’s fees under G.L.c. 93A on the ground that the insurance company committed unfair or deceptive acts or practices in violation of G.L.c. 93A, §2. As indicated in the trial court’s “Report of a Case Stated,” on the date of trial, the insurance company’s counsel tendered to the plaintiff’s attorney checks for the unpaid PIP benefits claimed in each case. Plaintiff’s counsel then moved for the transfer of the actions to the regular civil docket. Those motions were denied and this Report followed. The actions remain pending as small claims cases.
Section 24 of G.L.c. 218 provides that “[t]he court may, in its discretion, transfer” a small claims action “to the regular civil docket for formal hearing.” While, for reasons discussed below, such a request is generally made by a small claims defendant, §24 makes no distinction between the parties as to who may seek the transfer. See also Rule 4 of the Uniform Small Claims Rules (‘The court may, upon request of a party or upon its own motion, transfer a claim or counterclaim under *132 the small claims procedure to the regular civil docket pursuant to G.L.c. 218, §24” [emphasis supplied].). It has been held that “a judge should rarely, if ever, exercise his discretion to prevent removal.” Daum v. Delta Airlines, Inc., 396 Mass. 1013, 1014 (1986). However, as in all the reported cases dealing with §24, the Daum case involved a motion to transfer by a defendant. Filing a small claims action is not a plaintiffs exclusive remedy. While a plaintiff may have good reason to proceed in that fashion, a defendant may have good reasons not to. If a case remained in the small claims session, there would be a trial only if the plaintiff prevailed after a hearing by a clerk-magistrate. But at such trial, whether before a judge or jury, the clerk-magistrate’s prior finding for the plaintiff would be prima facie evidence in support of the plaintiffs claim even though the defendant had no opportunity to test the legal sufficiency of that prior finding before trial. See Lyons v. Kinney System, Inc., 27 Mass. App. Ct. 386, 388-389 (1989). Moreover, appellate review would not be available to die defendant after an adverse judgment. See G.L.c. 218, §23.
The Appeals Court has not “read [the] advice” given by the Supreme Judicial Court in Daum “as precluding the exercise of sound discretion by a District Court judge to deny a motion to transfer when the motion seeks transfer to accomplish a purpose that can be wholly satisfied in the small claims session.” Lyons v. Kinney System, Inc., supra at 389. In the small claims actions at issue in the Report before us, the plaintiff endeavored to accomplish two things. First, he sought to collect unpaid PIP benefits for services rendered. That purpose has been accomplished in the sense that the insurance company made full payment before the cases went to trial. Since the plaintiff is no longer an “unpaid party,” he was entitled to nothing further under G.L.c. 90, §34M whether his claims remained in the small claims session or were transferred to the regular civil docket. See Fascione v. CNA Insurance Cos., 435 Mass. 88 (2001). Second, the plaintiff sought to recover damages from the defendant under G.L.c. 93A, and those claims can clearly remain viable even after any outstanding medical bills have been paid. Id. at 95-96. The G.L.c. 93A claims can, however, be fully adjudicated in the small claims session. The fact that a jury trial is not available at the initial stage of the clerk-magistrate’s hearing is irrelevant because there is no right to a jury trial in a G.L.c. 93A action whether the action is handled as a small claims or a regular civil matter. Nei v. Burley, 388 Mass. 307, 315 (1983). Moreover, the Supreme Judicial Court has held that c. 93A claims “are proper candidates for small claims treatment” Travis v. McDonald, 397 Mass. 230, 232 (1986). The Court noted that “[ajllowing c. 93A claimants to appear in the small claims session will ensure greater access for aggrieved individuals, and promote the enforcement of our consumer protection laws.” Id. at 233. And the plaintiff apparently agreed with that notion when he brought his small claims actions. The possibility that the insurance company might pay the outstanding bills and thereby eliminate his underlying G.L.c. 90, §34M claim for unpaid benefits should have been no surprise to the plaintiff. The Fascione case was decided more than two years before the plaintiffs small claims actions were filed. Of more practical note, counsel for the plaintiff in these actions also represented Ms. Fas-cione in that case.
Finally, the plaintiff will suffer no unfairness or hardship if required to proceed in the procedural fashion he, himself, chose. If the plaintiffs concern is the ability to conduct discovery, he has not so indicated. In any event, if he is able to show “good cause,” discovery may be allowed under Rule 5 of the Uniform Small Claims Rules. See Lyons v. Kinney System, Inc., supra at 390. The plaintiff would obviously not have the same concern that a defendant would have about the prima facie effect of a finding by a clerk-magistrate. What is legitimately at stake here is the loss of appellate rights. If the clerk-magistrate were to find for the insurance company, the plaintiff would have no right to a trial before a judge, with or without a *133 jury. If the plaintiff were to prevail before the clerk and the insurance company were then to appeal, the plaintiff would reap the benefit of the prima facie effect that finding would have, but would have no further appellate rights upon a finding for the insurer. However, by electing to bring his action as a small claims case in a District Court, the plaintiff has waived any such appellate rights. See G.L.c. 218, §23; Fijal v. Anderson, 49 Mass. App. Ct. 903 (2000). And by pursuing this course of action, he enjoys the benefits of this “simple, informal and inexpensive procedure,” G.L.c. 218, §21, but must take it with its restrictions. See Matsushita Electric Corp. of America v. Sonus Corp., 362 Mass. 246, 252 (1972).[1]
To allow transfer in the circumstances of this case could certainly be viewed as inimical to the very purposes of the small claims statutory scheme. A plaintiff could bring his case as a small claim in an effort to score a quick win by default or otherwise, but move the matter to the more onerous and expensive civil docket once it appeared that the defendant was prepared to contest the matter aggressively. For the above reasons, we conclude that the trial judge was well within his discretion in denying the motion to transfer. In so concluding, we do not mean to imply that a plaintiffs motion to transfer may never be allowed. Transfer may be deemed appropriate where, for example, a person brings a small claim and the facts dramatically change, or the legal significance of the known facts becomes more apparent, or where an unanticipated issue is injected into the case by the defendant.
Accordingly, in answer to the question reported, the trial judge did not err “in denying plaintiffs motions to transfer the two small claims actions to the regular civil docket.” The denial of the plaintiffs motions is affirmed.
So ordered.

 Arguably, the plaintiff did, in fact, reap such a reward. The insurance company paid the bills on the scheduled trial date which was only a few months after the actions were filed. If the cases had been on the regular civil docket, that trial date would probably have been much later.