Barrett, J.
This is a G.L.c. 93A, §9 action to recover for the defendant’s alleged unfair and deceptive practices in improperly installing a satellite dish television system at the plaintiff’s home and in failing to address the plaintiff’s repeated demands to remedy equipment and service problems. After a hearing to assess damages, a default judgment was entered for single damages, interest, costs and attorney’s fees. The defendant filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal of (1) the denial of both its motion to vacate the default and motion for reconsideration of that ruling, and (2) the award of G.Lc. 93A damages and attorney’s fees.
Dish Network Service Corporation (“DNSC”) is a Colorado corporation with a principal place of business in Massachusetts at 78H Olympia Avenue in Woburn. Plaintiff Bernard Sykes (“Sykes”), an attorney acting pro se, filed the complaint in this action against “Dish Network” on January 17, 2003. Service of process was made on January 13,2003 by a deputy sheriff’s delivery of the summons and complaint in hand to a Scott Yanasch (“Vanasch”), who is described in the return of service as the “agent, person in charge at the time of service for Dish Network, 78H Olympia Ave., Woburn.” A copy of the summons and the complaint were also mailed to DNSC at its Woburn address.
No answer was filed, and a default was entered on February 11, 2003. Thereafter, Sykes moved for an assessment of damages, and a hearing was scheduled for March 10,2003. On March 3,2003, DNSC filed a motion to vacate judgment.[1] In a memorandum of his motion denial, the judge ruled that service of process was sufficient and that DNSC’s neglect in filing a timely answer was not excusable.
Sykes subsequently filed a motion to assess G.L.c. 93A treble damages and marked the motion for hearing on June 9, 2003. On June 3, 2003, DNSC moved “for reconsideration of the denial of motion to set aside default.” In a supporting affidavit, Yanasch identified himself as a DNSC “field service manager” who supervised DNSC system installers; denied that he was either a “person in charge of the daily business operations” of the Woburn facility, or a DNSC officer, general or managing agent, or person authorized to accept service of process; and explained that he did not understand the “legal significance” of the summons and *59 complaint and was unaware of corporate policy regarding legal documents. Van-asch further averred that upon receipt of service on February 6, 2003, he placed the summons and complaint in the office of Jim Scollins (“Scollins”), the Woburn office general manager, but did not bring the documents to Scollins’s attention before March 3, 2003.[2] Scollins averred that he was the person in charge of DNSC’s business on February 6, 2003, and that he searched his office and found the summons and complaint on March 5,2003 only after DNSC’s legal department inquired about the existence of this lawsuit After hearing, DNSC’s reconsideration motion was denied.
DNSC’s motions to vacate the default and for reconsideration were filed before the entry of any judgment herein. They were thus requests for Mass. R. Civ. R, Rule 55(c), relief subject to the more lenient “good cause” standard rather than the Mass. R. Civ. R, Rule 60(b), “excusable neglect” criterion for vacating judgment. Broome v. Broome, 40 Mass. App. Ct. 148, 152 (1996); Giuliano v. Vacca, 2004 Mass. App. Div. 154, 158 n.6. While a Rule 55(c) motion is addressed to the judge’s discretion, Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 (1984), consideration must be given to (1) the length of time the movant waited before responding to the default, and (2) the sufficiency of his demonstration by affidavit of “a reason for the default or the meritorious nature of [his] defense.” Cicchese v. Tape Time Corp., 28 Mass. App. Ct. 72, 74-75 (1989).
The record establishes that only 20 days elapsed between the default entry and DNSC’s first motion to set the default aside. As to a justification for DNSC’s failure to answer the complaint, DNSC contends that service of process on February 6, 2003 was invalid. Generally, delivery of the summons and complaint to a manager or other employee in charge of corporate business constitutes effective service on a foreign or domestic corporation. See Atlantic Nat’l Bank of Boston v. Hupp Motor Car Corp., 298 Mass. 200, 202 (1937); Harriman v. Reading & Lowell St. Ry. Co., 173 Mass. 28, 38 (1899). Rule 4(d) (3) of the Mass. R. Civ. P. provides that service on a foreign corporation shall be effected by
delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth... or by delivering such copies to any other agent authorized by appointment or by law to receive service of process....
DNSC’s affidavits render it clear that Vanasch was not a corporate officer, person in charge of the business in Woburn or an agent authorized by appointment or law to receive service. Whether an individual employee falls within the remaining Rule 4(d) (3) category of “managing or general agent” customarily
depends on a factual analysis of that person’s authority within the organization. One occupying this position typically will perform duties which are ‘sufficiently necessary’ to the corporation’s operations. He should be ‘a responsible party in charge of any substantial phase’ of the corporation’s activity. In brief, it is reasonable to expect that such an agent will have broad executive responsibilities and that his relationship will reflect a degree of continuity [citations omitted].
Gottlieb v. Sandia American Corp., 452 F.2d 510, 513 (3rd Cir. 1971) (construing cognate Federal rule). Vanasch averred that he was a “field service manager” who *60 supervised system installers. There is nothing in that description of his role as a labor supervisor which suggests that Vanasch was actually in charge of even the installation aspect of corporate business, much less that he had broad executive authority or responsibility. Indeed, Vanasch expressly averred that he was not a DNSC “managing or general agent,” and the court was bound by that uncontro-verted averment for Rule 55(c) purposes. Farley v. Sprague, 374 Mass. 419, 423-424 (1978); Konan v. Carroll, 37 Mass. App. Ct. 225, 229 (1994). In short, service by the deputy sheriff was insufficient and “good cause” thus existed for the removal of the default. Id. See also Lilly v. Dorchester Div., District Ct. Dept., 26 Mass. App. Ct. 724, 727 (1988); Maniscola v. Kenworthy, 2002 Mass. App. Div. 203, 204, aff'd 62 Mass. App. Ct. 1103 (2004).[3]
Finally, DNSC’s Rule 55(c) materials were sufficient, albeit marginally, to suggest the outline of a defense to Sykes’ G.L.c. 93A claim. As to Sykes’s allegation of an improper installation of the satellite dish on May 8, 2002, DNSC points to Sykes’s signature on the service agreement on May 8, 2002 acknowledging that the installation work required by the parties’ contract was completed in a satisfactory manner and the equipment was in good working order. Further, DNSC contends that service records reveal that Sykes made no complaint between May and October, 2002, and that DNSC’s continuing failure to address his subsequent complaints resulted in some measure from Sykes’s own unavailability for service appointments.[4]
Accordingly, the court’s default judgment is vacated, the denial of DNSC’s Rule 55(c) motion is reversed, and this case is returned to the trial court.[5]
So ordered.

 DNSC characterizes its motion as one to vacate a default rather than a default judgment. While no judgment had been entered when the motions were filed, both the judge’s memorandum and the trial court docket indicate that the motion was designated as one to vacate judgment. The distinction is more than a matter of semantics, as indicated infra. Whether by inadvertence or intention, DNSC did not include a copy of its first motion in the appendix it prepared for this Rule 8C appeal as required by Dist./Mun. Cts. R. A. D. A., Rule 18(a).

 Joseph Silveira (“Silveira”), a DNSC “installation manager,” indicated in a second affidavit that summons and complaint copies received by mail on January 7, 2003 were also placed in Scollins’s office on that date.

 It is thus unnecessary to address at length DNSC’s second contention that misnomer of the defendant warranted default removal. While the complaint was brought against “Dish Network” instead of “Dish Network Services Corporation,” DNSC does not contest that it is the real party in interest and was the intended recipient of the summons and complaint. It is within the court’s discretion to permit Sykes to amend his complaint to correct such a technical defect in pleading. See Lancaster v. General Acc. Ins. Co. of America, 32 Mass. App. Ct. 925 (1992).

 To substantiate these contentions, DNSC submitted the affidavit of a paralegal (“Bray”) employed by a DNSC corporate affiliate who claims to have reviewed Sykes’s service account. Obvious questions about the competence of the affiant and the admissibility of the affidavit were apparently not raised by Sykes in the trial court.

 Our decision vacating the default obviously eliminates any need to consider DNSC’s remaining arguments on appeal. It may be noted briefly that if Sykes continues to proceed pro se in this matter and prevails after trial, no G.L.c. 93A award of attorney’s fees to him would be permissible. Generally, a party proceeding without legal counsel is not entitled to recover legal fees. See O'Leary v. Nepomuceno, 44 Mass. App. Ct. 683, 686 (1998); Herman v. Home Depot, Inc., 2001 Mass. App. Div. 132. This is true even where, as in the instant case, the pro se litigant is a member of the bar. Miller v. Commissioner of Correction, 36 Mass. App. Ct. 114, 120-121 (1994), citing Kay v. Ehrler, 499 U.S. 432 (1991) (lawyer representing himself not entitled to award of attorney’s fees under 42 U.S.C. §1983).