Welsh, J.
The defendant seeks review of the denial of his Mass. R Civ. P., Rule 60 (b), motion for relief from judgment. The defendant was defaulted upon his failure to appear and defend at trial. Following default, judgment was entered in the sum of $4,728.50, plus prejudgment interest and costs. Specifically, the defendant contends that due to an error by the trial court clerk’s office, he never received notice of either the assignment of a trial date, or the entry of judgment against him.
We determine that in the circumstances of this case, the defendant’s claim of a lack of notice, neither refuted, nor otherwise challenged by countervailing evidence in the record, is the assertion of a sufficiently fundamental flaw in the judgment as to compel the conclusion that the defendant’s Rule 60(b) motion should have been allowed. See Chavoor v. Lewis, 383 Mass. 801, 806 (1981).
The plaintiff commenced this action on January 31, 2006 to recover damages for the defendant’s alleged breach of contract in failing to pay for labor and materials furnished at Lot 15, Town Lot Road in Edgartown. Pursuant to the Massachusetts Long-Arm Statute, G.L.c. 223A, §3, a copy of the complaint and summons was sent by certified mail to the defendant’s professional office address at One Market Square, Newington, Connecticut.[2] The location of the job site, 15 Town Lot Road, Edgartown, was not a mailing address. The docket shows that court notices directed to the defendant at the job site were returned to the court as undeliverable because of an “insufficient address.”
On September 25, 2006, the defendant, acting pro se, filed an answer, a request for production of documents, and copies of interrogatories propounded to the plaintiff. The correspondence accompanying these filings requested the court to enter the defendant’s pro se appearance and listed his address as 6 Hinchley Road, Farmington, Connecticut 06032. The defendant also furnished his home telephone number in Connecticut. On the same date, September 25, 2006, the trial court clerk’s office mailed notices of a case management conference to the defendant at his Farmington home address listed on his appearance and to the job site at 15 Town Lot Road in Edgartown, an invalid address. The latter notice to the job site was, once again, returned to the court as undeliverable. The defendant received the notice directed to his Farmington address, and responded to the clerk by letter dated October 5, 2006. The letter, written on the defendant’s professional letterhead that listed his office address in Newington, Connecticut, acknowledged receipt of the case management conference notice, stated that he could not attend, and asked for a trial date, preferably in August or September, 2007.
On November 13, 2006, trial was scheduled for December 4, 2006 and notice was mailed to the parties. Again, the defendant’s notice was mailed to the job site *202 at 15 Town Lot Road. The defendant denies receipt of the notice, and that denial is substantiated by the return of the notice to the trial court as undeliverable. For some unexplained reason, the trial court clerk’s office did not send notice of the trial date to the defendant at either his home address, or his office address, although both were known to the court. On the scheduled trial date, December 4, 2006, a default judgment was entered against the defendant for his failure to appear and defend. The trial court’s notice of judgment was mailed, once again, to the job site, but not to the defendant’s home or office address.
The defendant asserts that the first notice he had of the default judgment against him was a January 12, 2007 letter from plaintiff’s counsel, indicating that counsel held an execution and would commence collection proceedings if payment were not forthcoming. The letter was mailed to the defendant at his office address in Connecticut. On January 29, 2007, the defendant filed the Rule 60(b) motion for relief from judgment that is the subject of this appeal. The defendant’s motion was heard and denied on March 29, 2007.[3]
The defendant’s contentions about lack of notice and the return, as undeliverable, of the notices of the trial date and judgment entry are not refuted. The docket entries of the return of the notices by the U.S. Postal Service corroborate the defendant’s contentions. There is no evidence in the record demonstrating, or even suggesting, that the defendant had actual knowledge of the notices despite the errors in their dispatch. While deference is generally accorded discretionary decisions on motions for relief from judgment, a different rule applies when the moving party’s averments of lack of notice are uncontradicted. Farley v. Sprague, 374 Mass. 419, 425 (1978) (motion judge required to accept defendant’s uncontro-verted affidavit as to lack of notice and lack of knowledge of events that resulted in loss of right to contest the action). See also Fleishman v. Stone, 57 Mass. App. Ct. 916 (2003); Sykes v. Dish Network, 2005 Mass. App. Div. 58, 60.
The denial of the defendant’s Rule 60(b) motion is vacated. An order shall enter granting the defendant’s motion for relief from judgment.
So ordered.

 The defendant is an attorney in Connecticut.

 This appeal is an expedited appeal under Dist./Mun. Cts. R. A. D. A., Rule 8A. Nothing in the record indicates what was presented at the motion hearing apart from the defendant’s motion and supporting affidavit. The ruling on the motion stated nothing beyond the word “denied.”