Coven, J.
In this unpaid wages action authorized pursuant to G.L.c. 149, §148, and filed in the small claims session of the District Court, the court found for the plaintiff, Mark Blake, in the amount of $7,000.00. The court trebled that amount to $21,000.00, and awarded attorney's fees of $5,663.25. Costs and interest were also awarded.[2] The court reported the following question of law:[3]
Where a statute such as M.G.L.c. 149, §148 (‘the Massachusetts Wage Acf) provides, ab initio, for mandatory treble damages for violation thereof, does a claim for damages greater than $2,333.34, which when trebled, exceeds the $7,000.00 maximum claim for damages allowable in the Small Claims Session of the District Court, preclude the matter from being heard in that Court, or does the exception set forth in the small claims statute, M.G.L.c. 218, §21, which provides that ‘the court may award double or treble damages in accordance with any general or special law[5] render jurisdiction proper.[4]
*157 As a general proposition, the small claims session of the District Court is of limited jurisdiction. “An action may be commenced [in the small claims session] if the initial amount of damages claimed is $7,000 or less.” G.L.c. 218, §21, fourth par. Notwithstanding this limitation, “the court may award double or treble damages in accordance with the provisions of any general or special law.” Id.[5] The total judgment award, therefore, may exceed the $7,000.00 limitation, but the court may not award single damages greater than $7,000.00. See Travis v. McDonald, 397 Mass. 230, 233 (1986), citing G.L.c. 218, §21. Travis and the statutory authorization are consistent with the general principle of statutory construction that the language of a statute is to be interpreted in accordance with its plain language. Bridgewater State Univ. Found. v. Board of Assessors of Bridgewater, 463 Mass. 154, 158 (2012).
In this case, the reported question calls on us to consider whether, because a violation of the Wage Act requires the trebling of damages, a claimant who seeks single damages in excess of $2,333.33 is prohibited from commencing an action pursuant to G.L.c. 149, §148. We conclude that a claimant is not jurisdictionally barred from being awarded an amount in excess of $7,000.00 as the result of the trebling of single Wage Act damages of $7,000.00 or less.
We find no meaningful distinction between the mandatory trebling of damages for a Wage Act violation in the amount of $7,000.00 or less and the sanctioned allowance in the small claims session of the mandatory doubling of damages in a consumer protection claim brought pursuant to G.Lc. 93A, where the court finds a “willful or knowing violation” of G.L.c. 93A. Travis, supra at 232 n.1. In each circumstance, the court, in applying multiple damages, is acting in conformity with what is required by law and is without discretion.[6]
Further, as with allowing G.L.c. 93A claimants to appear in the small claims session and awarding double or treble damages will ensure the policy of providing greater access for aggrieved individuals who may not otherwise be in a financial position to “vindicate their rights,” and will promote the enforcement of our consumer protection laws, Travis, supra at 233, these similar goals will be served by allowing an aggrieved worker to enforce the wage law by bringing a small claims action and seeking the award of mandatory trebling of damages.
We answer the reported question, “No.”

 The defendant appealed from a clerk-magistrate finding of $5,364.70. Generally, small claims are initially heard by a clerk-magistrate with the defendant having a right to de novo review before a judge or jury. Chanowski v. Bourne, 2014 Mass. App. Div. 137; Rule 7 (f) of the Uniform Small Claims Rules.

 “[I]f the court is of the opinion [in a small claims case] that a question of law requires review, it may submit the matter, in the form of a report of a case stated, to the Appellate Division. A voluntary report is restricted solely to questions of law....” Chanowski, supra, quoting M.G. Perlin & J.M. Connors, Handbook of Civil Procedure in the Massachusetts District Court §15.80 (4th ed. 2009).

 General Laws c. 149, §148 addresses the timing of the payment of wages and exemptions. It is G.L.c. 149, §150 that actually provides punitive damage for a violation of §148. Id. at §150 (“An employee so aggrieved who prevails in [a §148] action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys’ fees.”).

 There is no monetary restriction in “an action for properly damage caused by a motor vehicle.” G.L.c. 218, §21, fourth par.

 Treble damages are discretionary under G.L.c. 93A, §§9 and 11, but the court is required to award double damages if the requisite finding is made. For a Wage Act violation, similar to a consumer protection action, the court must first find a violation of the statute and, only then, assess multiple damages.